559 So.2d 29 (1990)
Lacy A. SUAREZ
v.
METROPOLITAN ERECTION CO. National Union Fire Ins. Co. of Pittsburg, et al.
No. 89-CA-2007.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
Writ Denied May 18, 1990.
*30 William G. Tabb, III, Tabb & Snellings, Metairie, for plaintiff-appellant, Lacy A. Suarez.
Lawrence J. Centola, Jr., Piper D. Griffin, Hoffman, Sutterfield, Ensenat and Bankston, New Orleans, for defendants-appellees Metropolitan Erection Co. et al.
Before BARRY, KLEES and WILLIAMS, JJ.
KLEES, Judge.
Plaintiff, Lacy Suarez, appeals the district court's judgment dismissing his suit after granting an exception of no cause of action filed by defendants American International Adjusting Company ("AIAC") and American International Health and Rehabilitation Service ("AIHRS"). We affirm.
On May 8, 1987, plaintiff was injured on the job while employed as an iron worker by Metropolitan Erection Company. He made a claim against Metropolitan under the Louisiana Worker's Compensation Statute ("LWCS"), which claim was decided in his favor, and began receiving worker's compensation benefits. Metropolitan is insured by National Union Fire Insurance Company of Pittsburgh, but plaintiff's claim was managed by an independent adjusting company, AIAC. After filing his initial claim, plaintiff filed a supplemental and amending petition asserting a second cause of action in tort and contract against AIAC only, for the allegedly negligent handling of plaintiff's claim. Plaintiff later added AIHRS, a rehabilitation consulting firm hired by AIAC, as a defendant in this second cause of action. Finally, plaintiff asserted a third cause of action in intentional tort against AIAC and AIHRS, alleging that they deliberately delayed medical payments and authorization for necessary medical treatment. AIAC and AIHRS responded by filing an exception of no cause of action, which was upheld by the district court.
We find that the district court was correct in dismissing plaintiff's claims because under the LWCS, AIAC and AIHRS are immune from this type of suit. It is well settled that an injured employee's rights under LCWS are exclusive of his rights in tort against his employer. A specific provision of the statute, La.R.S. 23:1201.2, sets forth penalties which are the injured worker's exclusive remedy against an insurer for the discontinuance of payments or the failure to make timely payments, whenever such is found to be arbitrary and capricious. It is logical that an adjusting company, who manages the claim for the insurer, as well as a rehabilitation service that assists the adjusting company, must stand in the shoes of the insurer and share the same tort immunity granted to the insurer. Any other result would circumvent the obvious intent of the statute.
Atkinson v. Gates, McDonald & Company, 838 F.2d 808 (5th Cir.1988), an opinion of the U.S. Fifth Circuit Court of Appeals holding that Longshore and Harbor Worker's Compensation Act preempts any state law claim for intentional or bad faith refusal to pay benefits due under the Act, is illustrative on this point. Explaining the necessity of preserving tort immunity in these types of situations, the court stated:
[A] majority of courts have held that workers' compensation statutes, particularly where they address the subject of delayed or withheld compensation benefits, provide the exclusive remedy in that respect. 2A Larson, Workmen's Compensation Law § 68.34(c) (1987), notes that "the great majority" of the decisions reject, for one reason or another, "attempted tort actions based on intentional delay in or termination of [workers' compensation] payments." The author goes on to state:
"It seems clear that a compensation claimant cannot transform a simple delay *31 in payments into an actionable tort by merely invoking the magic words `fraudulent, deceitful and intentional' or `intentional infliction of emotional distress' or `outrageous' conduct in his complaint, The temptation to shatter the exclusiveness principle by reaching for the tort weapon whenever there is a delay in payments or a termination of treatment is all too obvious, and awareness of this possibility has undoubtedly been one reason for the reluctance of courts to recognize this tort except in cases of egregious cruelty or venality.
"One final factor may be noted that has figured in many of these cases: the presence in the statute of an administrative penalty for the very conduct on which the tort suit is based. A majority of the courts have taken the view that this evidences a legislative intent that the remedy for delay in payments, even vexatious delay, shall remain within the system in the form of some kind of penalty...."
838 F.2d at 813-814 (Citations omitted).
In the instant case, the actions of which plaintiff has complainedthat isdelays in compensation payments and delays in authorization for medical treatmentare the very same actions for which penalties have been stipulated in R.S. 23:1201.2. Even if the delays were deliberate or intentional, as plaintiff alleges, they are still delayed payments under the statute, for which the remedy is prescribed. Unfortunately for plaintiff, the legislature has made no provision for additional damages for emotional distress or physical suffering caused by such delays. Therefore, the trial court was correct in holding that plaintiff has no cause of action against AIAC and AIHRS because they are protected by tort immunity.
Accordingly, for the reasons given, the judgment dismissing plaintiff's action if affirmed.
AFFIRMED.