_jjFOIL, J.
Plaintiff appeals the trial court’s judgment dismissing his tort suit after granting summary judgment in favor of defendants. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Plaintiff, John H-. Brown, filed this professional malpractice suit against defendants Mary Lyles Adair and Kenneth Sin-gletary (two vocational rehabilitation counselors), their employer, Mary Lyles Adair, Inc., and its insurer, Interstate Fire and Casualty Company. On November 5, 1997, plaintiff was involved in a work-related accident at his place of employment, La Riviera Restaurant in Me-tairie, Louisiana. After the accident, he received workers’ compensation benefits from his employer’s insurer, Louisiana Restaurant Association (LRA). While plaintiff was receiving benefits, LRA contracted with Adair and Singletary to provide vocational rehabilitation services to plaintiff. According to plaintiff, after a one-hour meeting between Singletary and plaintiffs former employer, defendants prepared a job analysis of plaintiffs previous position with La Riviera. Plaintiff alleges he was not consulted in connection with the preparation of the job analysis. The defendants forwarded the job analysis to plaintiffs treating physicians, who reviewed and approved the same. With *54 out obtaining the approval of plaintiffs previous employer, defendants forwarded the job analysis to LRA. On that same day, an LRA adjuster sent a certified letter to plaintiff informing him that his treating physicians had released him to return to work. Plaintiff claims he was unable to return to work because of his medical condition, so his benefits were terminated.
Plaintiff filed this tort action against defendants claiming that their conduct amounted to ■ “sham rehabilitation” rendered solely for the purpose of providing LRA with apparent grounds to terminate his workers’ compensation benefits. He asserted that this sham rehabilitation directly 1 ¡¡resulted in the termination of benefits, which rendered him unable to support his family or to receive adequate medical care.
In response, defendants filed a motion for summary judgment contending that they did not breach any duty owed to plaintiff. They claimed that plaintiff has been fully compensated in the form of penalties and attorney’s fees he recovered in his workers’ compensation claim, and also that they enjoy immunity from plain1 tiffs tort suit.
Following a hearing, the trial court granted defendants’ motion for summary judgment. In oral reasons for judgment, the court held that the defendant vocational rehabilitation counselors enjoy tort immunity under the Workers’ Compensation Act just as employers do. This appeal by plaintiff followed.
DISCUSSION
In a single assignment of error, plaintiff argues that the trial court erred in holding that vocational rehabilitation .counselors are entitled to enjoy tort immunity under the Workers’ Compensation Act, thereby granting defendants’ motion-for summary judgment.
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Taylor v. Rowell, 98-2865, p. 3 (La.5/18/99), 736 So.2d 812, 814. Summary judgment is appropriate if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B.
In Louisiana, under the Workers’ Compensation Act, an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment. La. R.S. 23:1031. The employer is also liable for all necessary medical expenses, including vocational rehabilitation. La. R.S. 23:1203. The rights and remedies under Chapter 10 of the Act, La. R.S. 23:1021-1415, provide the employee’s exclusive remedy against the employer for such injury. La. R.S. |423:1032. When an employer arbitrarily terminates payment of weekly benefits or medical treatment expenses, the exclusive remedy of the employee is to demand attorney’s fees as provided under La. R.S. 28:1201.2.
In the instant case, defendants assert that they enjoy immunity from plaintiffs tort suit. They further point out that plaintiff has been fully compensated in the form of penalties and attorney’s fees he recovered in his workers’ compensation claim. Our review of the record reveals that, in support of their motion for summary judgment, defendants attached a copy of a stipulated judgment entered into in plaintiffs lawsuit filed against his employer for the wrongful termination of benefits. This judgment was signed on April 16, 1999, before the instant suit was filed against these defendants. In that judgment, the employer agreed to pay past *55 weekly wage benefits, past mileage and expenses, penalties in the amount of $2,500.00, and attorney fees in the amount of $5,000.00. Additionally, plaintiffs weekly wage 'benefits were reinstated in the amount of $350.00 per week.
In oral reasons for judgment in this case, the trial court relied on the case of Suarez v. Metropolitan Erection Co., 559 So.2d 29 (La.App. 4th Cir.), writ denied, 561 So.2d 117 (La.1990). Under that analysis, the court stated, the vocational .rehabilitation counselors share the same immunity that the employer would have. Under the workers’ compensation scheme, plaintiff was entitled to seek and did, in fact, win back compensation benefits, penalties and attorney fees.
After a thorough review, we find that the trial court was correct in dismissing plaintiffs claims against these defendants because, under the Act, they are immune from this type of suit. Plaintiffs remedy lies not in pursuing these defendants for an allegedly tortious job analysis, but in pursuing redress from the employer for the wrongful termination of benefits based on the job analysis. Plaintiff successfully did so in this case, as is | ¡¡evidenced by the stipulated judgment offered by defendants in support of their motion. As defendants were entitled to judgment as a matter of law, the trial court correctly rendered summary judgment in their favor.
For these reasons, the judgment appealed from is affirmed at plaintiff appellant’s cost.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
PETTIGREW, J., concurs and assigns reasons.