846 So.2d 687 (2003)
John H. BROWN,
v.
Mary Lyles ADAIR, Kenneth Singletary, Mary Lyles Adair, Inc. and XYZ Insurance Company.
No. 2002-C-2028.
Supreme Court of Louisiana.
April 9, 2003.
Rehearing Denied June 20, 2003.
Henri M. Saunders, Baton Rouge, for Applicant.
James P. Doherty, II, W. Gerald Gaudet, Lafayette, for Respondent.
TRAYLOR, Justice.
A worker who had been injured on the job brought an action for professional malpractice against his vocational rehabilitation *688 counselors, who cleared him to return to work without proper assessment and, thus, caused the premature termination of his workers' compensation benefits. The trial court granted summary judgment in favor of the counselors, finding them immune from the malpractice claim. The worker appealed. The court of appeal affirmed the trial court. 01-1120 (La.App. 1 Cir. 6/21/02), 822 So.2d 52. We granted the employee's writ to determine the narrow issue of whether vocational rehabilitation counselors share with employers an immunity from tort claims.

FACTS AND PROCEDURAL HISTORY
On November 5, 1997, plaintiff John Brown was working as a sous chef and kitchen manager for La Riviera Restaurant in Metairie, Louisiana, when he was involved in a work-related accident. The accident occurred when Brown tripped over an object while carrying a large pot of boiling gravy across the restaurant's kitchen. Brown suffered first and second degree burns over his body, two ruptured lumbar discs, and a tear of his right rotator cuff. After the accident, he received weekly indemnity and medical workers' compensation benefits of $350.00 per week from November 12, 1997 until January 20, 1998 from his employer's insurer, Louisiana Restaurant Association (LRA). Brown's benefits were terminated by LRA due to his lack of cooperation with defendants.
On February 18, 1998, Brown filed his first claim for compensation benefits alleging injuries to his lower back, right shoulder, right leg and foot, left leg, right wrist, pelvis, eyes, and burns to his head, face, arms, right leg, and left ankle and foot. Defendant was further injured in a second accident at an apartment complex in which he fell down some stairs. During the course of the mediation of this case on April 7, 1998, Brown and his employer settled his claim, agreeing that his weekly indemnity benefits would be reinstated to the date of their termination and that weekly benefits would continue.
In June of 1998, LRA contracted with Mary Adair, Inc. to provide vocational rehabilitation services to Brown. Defendant vocational rehabilitation counselors Mary Adair and Kenneth Singletary, who are both licensed vocational rehabilitation counselors, performed Brown's rehabilitation evaluation. Kenneth Singletary conducted a one-hour meeting with Brown's former employer, Mr. Valentino Rovere. Thereafter, defendants prepared a job analysis of Brown's previous position with La Riviera but did not have the employer review and sign the job analysis to indicate his agreement with the information contained therein. The defendants additionally did not contact Brown regarding the job analysis.
The defendants forwarded the job analysis to Brown's treating physicians, Dr. Harold Stokes and Dr. Robert Mimeles. Dr. Mimeles reviewed the job analysis and signed it on June 26, 1998, stating that the job analysis fell within the physical capabilities of Brown. However, Dr. Mimeles commented that Brown "cannot lift 50# sacks of flour" but noted that Brown "can certainly do this [job] on [a] trial basis." Dr. Stokes reviewed the job analysis and signed it on July 2, 1998, stating that the job analysis fell within the physical capabilities of Brown "as far as his hands are concerned."
On July 15, 1998, without obtaining the approval of Brown's previous employer, defendants forwarded the job analysis to LRA. On that same day, an LRA adjuster sent a certified letter to Brown informing him that his treating physicians had released him to return to work. Brown *689 claimed he was unable to return to work because of his medical condition, so his benefits were terminated.
On October 20, 1998, Brown filed this tort action against defendants claiming that their conduct amounted to a "sham rehabilitation" rendered solely for the purpose of providing LRA with grounds to terminate his workers' compensation benefits. He asserted that this "sham rehabilitation" directly resulted in the termination of his benefits, rendering him unable to support his family or receive adequate medical care.
In response, defendants filed a motion for summary judgment contending that they did not breach any duty owed to Brown. They claimed that Brown's benefits were reinstated, that he has been fully compensated though the penalties and attorney's fees paid by the employer, and that they are immune to tort suits.
Following a hearing, the trial court granted defendants' motion for summary judgment. In oral reasons for judgment, the court held that the defendant vocational rehabilitation counselors enjoy the same tort immunity under the Workers' Compensation Act as employers. The worker appealed and the court of appeal affirmed the trial court. 01-1120 (La.App. 1 Cir. 6/21/02), 822 So.2d 52.
Brown filed for writs asserting that the error of the lower courts significantly affects the public interest in that it restricts injured workers' access to the civil justice system beyond the limitations of the Worker's Compensation Act even where there is no employment relationship between the wrongdoer and the worker. We granted Brown's writ to determine the narrow issue of whether vocational rehabilitation counselors, such as the instant defendants who were performing vocational rehabilitation services to injured workers' compensation claimants, share in the employer's tort immunity under La.Rev.Stat. 23:1032.

DISCUSSION
The task at hand involves an interpretation of whether the employer immunity to tort suits under La.Rev.Stat. 23:1032 of the Worker's Compensation Act (Act) extends to the instant defendants. Defendants herein argue that the employers' tort immunity does, indeed, encompass vocational rehabilitation specialists. Brown asks that this court strictly construe the statute so as to exclude this immunity. We turn now to a determination of this issue.
In interpreting any statute, we must begin with the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993). The statute at issue, La.Rev.Stat. 23:1032(A)(1)(b), sets forth the "exclusiveness" of claims against employers under the Act and provides:
This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
Given a strict reading, the exclusiveness provision covers only named persons: the employer, any principal or officer, director, stockholder, partner, or employee. Immune parties are the employer and those who may stand in the employer's shoes, so to speak, due to their relationship under which they must act on behalf of the employer. Specifically, the Statute makes no mention of and grants no immunity to vocational rehabilitation specialists, whose duty is owed to the injured party, *690 not the injured's employer.[1]
It is well established that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written, and no further interpretation may be made in search of legislative intent. LA. CIV. CODE art. 9. Furthermore, as we have cautioned previously, when interpreting the Workers' Compensation Act, courts must take into account the basic history and policy of the compensation movement, which militates in favor of the injured claimant. Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345.
Also of relevance is that the tort immunity provided by the Act operates as an affirmative defense; it is not a law evaluating conditions of legality of defendant's conduct but, rather, serves as a vehicle for asserting a substantive defense that defeats an otherwise viable claim. Walls v. American Optical Corp., Sup. 1999, 98-0455 (La.9/8/99), 740 So.2d 1262. Those which are specifically named in the Statute may assert this defense. Those who are not named as immune do not share in the immunity.
Moreover, "Third Persons" are defined in La.Rev.Stat. 23:1102 as a person "other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032." The Statute further notes that compensation paid by the employer "shall not affect the claim or right of action of the said employee ... against such third person ... and such employee... may obtain damages from or proceed at law against such third person to recover damages for the injury...."
Lastly, under the jurisprudence, vocational rehabilitation specialists have never been determined to stand in the shoes of the employer for immunity purposes.[2] Indeed, in instances where a third party has caused injury to the employee, although the compensation remedy is exclusive to the employment relationship, it is not so with reference to the third party wrongdoer. Roberts v. Sewerage and Water Bd. of New Orleans, Sup.1994, 92-2048 (La.3/21/94), 634 So.2d 341.[3] The quest of the law for the third party wrongdoer may proceed in the usual way: whether the third party wrongdoer was at fault in the *691 work injury or whether, as in this case, the third party caused a separate injury to the employee by wrongfully having the employee's benefits terminated. The third party wrongdoer should not be absolved of his normal obligation to pay damages simply because the injured party is covered under Worker's Compensation. See 2A Larson, The Law of Workmen's Compensation § 71.10 (1992).
Significantly, as this court enunciated in Roberts:
Section 1101 of the Act expressly provides that when an injury for which compensation is payable has occurred under circumstances creating in a "third person" (defined as "some person... other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032...") a legal liability to pay damages in respect thereto, the employee's claim or collection of compensation shall not affect the employee's right of action or claim for damages against the third person. Therefore, Louisiana law, unlike that of some jurisdictions, provides that the employee is entitled to proceed both by claiming compensation against his employer, and at the same time prosecuting his claim for damages against the third party wrongdoer. Thus, it is clear that under Section 1032, the compensation remedy is exclusive only as between the employee and his employer (or those other persons so treated in that section); it does not purport to impair existing claims against third persons. [Citations omitted].
Roberts, 634 So.2d at 345.
Applying the precepts set forth in Roberts and taking into account the clear, unambiguous language of the Statute, we conclude that the defendants are "third persons" against whom Brown may seek tort damages. As in Roberts, the instant plaintiff was not employed by the defendants at the time of his accident, the defendants do not qualify as any of the named immune persons in the Statute, and, thus, the defendants are not entitled to be treated as his employer under the Workers' Compensation Act. In light of the preference the jurisprudence has favored upon employees in interpreting the Act, we cannot interpret the clear language of the Statute to include vocational rehabilitation specialists within those who are immune from tort.

CONCLUSION
After a thorough review of the record and considering the arguments of the parties, we find that the trial court and court of appeals erred in dismissing Brown's claims against these defendants and in finding them immune to tort suits. For the reasons assigned, the judgments of the trial court and court of appeal in favor of defendants are reversed. The judgment is amended to allow the Brown's tort suit to proceed and the case is remanded to the trial court for further proceedings consistent with this opinion.

DECREE
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] This duty is set forth under the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners Standards and Ethics.
[2] See Byrne v. Sealy & Co., Inc., App. 99-288 (La.App. 5 Cir. 8/31/99), 742 So.2d 668, writ denied, 99-2846 (La.12/10/99), 751 So.2d 258 (Employee's injury was not limited to workers' compensation, but involved third-party liability); Degruise v. Houma Courier Newspaper Corp., 95-2675 (La.12/15/95), 667 So.2d 521 ("Third person" amenable to suit under worker's compensation statute is anyone legally liable to pay employee damages because of his injury and who is not included within list of classifications for which statute provides exclusive remedy); Roberts v. Sewerage and Water Bd. of New Orleans, Sup.1994, 92-2048 (La.3/21/94), 634 So.2d 341 (Sewerage and Water Board was "third person" under the Act and was not immune from liability to tort victim).

But see Suarez v. Metropolitan Erection Co., App.4 Cir.1990, 559 So.2d 29, writ denied 561 So.2d 117 (Adjusting company managing workers' compensation claim and rehabilitation service were both immune from any liability in tort; injured employee's exclusive remedy was by way of a penalty set forth in R.S. 23:1201.2); Massey v. Rowan Drilling Co., 368 F.2d 92 (C.A.5 La.1966) (Sole remedy for injured welder employed by independent contractor which had contracted with drilling company to perform repairs on rig was under the Act and no tort action was allowed against drilling company).
[3] 14 Malone & Johnson § 366, quoting W. Malone, Louisiana Workmen's Compensation Law and Practice (1st Ed.), Supp.