# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 03-824


OPEL P. TEASLEY

VERSUS

CHARLES K. ATES


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 194,540,
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED.**


**Kenneth A. Doggett**
**P. O. Box 13498**
**Alexandria, LA  71315-3498**
**(318) 487-4251**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Opel P. Teasley**

**J. Albert Ellis**
**Louisiana Department of Justice, AAG**
**P. O. Box 1710**
**Alexandria, LA  71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Charles K. Ates**

PETERS, J.

This litigation arises from a November 19, 1996 automobile accident involving vehicles driven by the plaintiff, Opel P. Teasley, and the defendant, Charles K. Ates. Mr. Ates has appealed a judgment rendered against him, claiming that he was statutorily immune from suit in tort by Ms. Teasley. Ms. Teasley has answered Mr. Ates's appeal, seeking additional damages. For the following reasons, we affirm the district court judgment.

## DISCUSSION OF THE RECORD

On November 19, 1996, at approximately 5:30 a.m., Ms. Teasley, an employee of the State of Louisiana, was attempting to park her vehicle at her place of employment, the Work Training Facility North Correctional Institution, located on the premises of Camp Beauregard in Rapides Parish, Louisiana. At the same time, Mr. Ates, employed by the State of Louisiana as a security guard at Camp Beauregard, was attempting to back a state-owned vehicle past the parking area onto the highway in order to transport an inmate to a work location. In the process, Mr. Ates collided with Ms. Teasley.

Ms. Teasley initially filed suit against Mr. Ates in Pineville City Court on March 14, 1997, seeking to recover the damages she sustained in the accident. Mr. Ates responded to that suit by filing declinatory exceptions of lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. He alleged therein that (1) both he and Ms. Teasley were state employees acting in the course and scope of their employment such that jurisdiction was proper only in the Office of Workers' Compensation Administration; (2) the city court also did not have jurisdiction because the state was a defendant;[1] and, (3) concomitantly, venue was not proper because the

---

[1] We note that, despite the assertions in Mr. Ates's exceptions, Ms. Teasley did not name the state as a defendant in these proceedings.

city court did not have jurisdiction. The record does not contain a minute entry or a transcript of any hearing on the exceptions nor does it contain any evidence presented in support of the exceptions. The city court denied the exceptions by a judgment rendered on March 26, 1998, and signed on April 16, 1998. Thereafter, on May 11, 1998, Mr. Ates filed a general denial answer to Ms. Teasley's suit and raised as an alternative defense the affirmative defense of comparative fault.

Subsequently, on joint motion of the parties, the city court transferred the case to the Ninth Judicial District Court in Rapides Parish. The city court executed the transfer order on October 26, 1998. Neither party amended the pleadings prior to the January 15, 2003 trial.

At trial, Ms. Teasley offered evidence in support of her claim. Immediately after resting her case, Mr. Ates filed a peremptory exception of no cause of action, asserting the exclusive remedy provisions of the Workers' Compensation Act, namely La.R.S. 23:1032 and 23:1034. Ms. Teasley objected to the filing of the exception, and the district court denied the exception on the record. Mr. Ates then proceeded to present evidence in his defense. After completion of the evidence, the district court issued its ruling finding that the accident was caused by Mr. Ates's negligence. The district court then awarded Ms. Teasley $5,000.00 in general damages, $2,038.77 in property damages, $1,438.79 in medical expenses, and $689.08 in lost wages. The district court signed a written judgment on January 31, 2003. Mr. Ates filed a motion for new trial, which the district court denied.

Mr. Ates has timely filed this appeal, asserting four assignments of error:

1.  The Pineville City Court erred in denying the Exception of Lack of Subject Matter Jurisdiction, Lack of Jurisdiction over the Person, and Improper Venue.
2.  The District Court erred in denying the State's Exception of No Cause of Action.

2

3. The District Court erred in finding the plaintiff was a "statutory employee."

4. The District Court erred in finding the Exclusive Remedy Defense was unfair surprise.

Ms. Teasley answered the appeal, seeking an increase in the award of general damages.

## OPINION

### *Mr. Ates's Appeal*

Louisiana Revised Statutes 23:1032(A)(1)(a) provides in part: "Except for intentional acts . . ., the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages . . . ." Additionally, La.R.S. 23:1034(A) provides in part: "[F]or [a state] employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory . . . ."

Nevertheless, when construing the pleadings in a given case, "[t]he answer shall set forth affirmatively . . . any . . . matter constituting an affirmative defense." La.Code Civ.P. art. 1005. "[T]ort immunity provided by the Act operates as an affirmative defense; it is not a law evaluating conditions of legality of defendant's conduct but, rather, serves as a vehicle for asserting a substantive defense that defeats an otherwise viable claim." *Brown v. Adair*, 02-2028, p. 5 (La. 4/9/03), 846 So.2d 687, 690.

Mr. Ates never asserted the tort immunity as an affirmative defense. Instead, he improperly asserted it in city court via exceptions of lack of subject matter jurisdiction and/or personal jurisdiction. However, even were we to construe the

3

exceptions as effectively presenting the affirmative defense, the record contains no evidence presented on the city court exceptions that we may review.

Not until the close of Ms. Teasley's presentation of evidence at the trial on the merits of the tort action, or almost six years after Ms. Teasley filed her original petition, did Mr. Ates reassert the immunity, this time via an exception of no cause of action. In *Everything on Wheels, Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La.1993), the supreme court instructed:

> The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

(Citations omitted.)

In the instant case, the law clearly affords Ms. Teasley a remedy in tort. The fact that the law also affords Mr. Ates an affirmative defense of immunity does not eviscerate Ms. Teasley's cause of action—the immunity, if proven by Mr. Ates, would simply operate as a defense to it. The immunity "*serves as a vehicle* for asserting a substantive defense that defeats *an otherwise viable claim.*" *Brown*, 846 So.2d at 690 (emphasis added).

Importantly, "[t]he policy behind [La.Code Civ.P. art. 1005] is the prevention of 'trial by ambush.'" *Patterson v. State*, 95-1668, p. 9 (La.App. 3 Cir. 12/11/96), 685 So.2d 473, 478, *writs denied*, 97-27, 97-108 (La. 2/21/97), 688 So.2d 513. In *Rider v. Fontenot*, 463 So.2d 951, 956 (La.App. 3 Cir. 1985), we explained:

> The policy behind the requirement that affirmative defenses be raised in answer is sensible and laudable. Because affirmative defenses raise matters for judicial resolution outside of issues raised by plaintiff's petition, plaintiff must be made aware of these matters at an early stage

4

so that plaintiff can prepare an opposition to the defense and adjust his case, if necessary, in light of the new facts and issues raised by the affirmative defense. If the affirmative defense is allowed despite the defense not being raised in answer, the result is a surprise "trial by ambush" that unfairly aids the defendant, who knew about the defense even though plaintiff was kept in ignorance of the defense.

In the instant case, trial by ambush is what occurred. However, Mr. Ates contends that Ms. Teasley was put on notice through the city court exceptions. As set forth above, the record contains neither a transcript of the hearing on those exceptions nor any evidence in support of the exceptions. Additionally, Mr. Ates did not seek supervisory writs from the ruling on the exceptions and gave no other indication apparent on the face of the record that he intended to pursue the issue further, other than his filing of the exception of no cause of action at the close of Ms. Teasley's evidence. Because Ms. Teasley was in effect ambushed by the late assertion of the defense, we find no error in the district court's denial of the exception of no cause of action. In reaching this conclusion, we find no merit in any of Mr. Ates's assignments of error.

### Ms. Teasley's Answer to Appeal

In her answer to the appeal, Ms. Teasley seeks an increase in the general damages award to $7,500.00. Ms. Teasley was diagnosed with trauma to her left shoulder and cervical strain syndrome. She was treated with medication and physical therapy and had a resolution of her symptoms around two months following the accident.

In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), the supreme court instructed:

[T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in

5

either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

In the instant case, we do not find that the district court abused its great discretion in the amount it awarded for general damages. Thus, we affirm that award.

## DISPOSITION

For the foregoing reasons, we affirm the district court judgment in all respects. We assess fifty percent of the costs of this appeal to Charles K. Ates and fifty percent to Opel P. Teasley.

**AFFIRMED.**