DAMON J. NELSON      *      NO. 2023-C-0816

VERSUS      *

TEXACO, INC., ET AL      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-01332, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Lawrence G. Pugh, III
Donna M. Young
Pugh Accardo, LLC
1100 Poydras Street, Suite 3600
New Orleans, LA 70163

     COUNSEL FOR RELATOR


Adam Whitworth
Boling Law Firm
541 Julia Street, Suite 300
New Orleans, LA 70130

     COUNSEL FOR RESPONDENT

         **WRIT GRANTED; JUDGMENT REVERSED;
STAY DENIED; REMANDED WITH
INSTRUCTIONS
JANUARY 9, 2024**

Relator, Fleming Construction Company (hereinafter "Fleming Construction"), seeks expedited review of the trial court's December 21, 2023 judgment, denying its motion for summary judgment on the issue of Fleming Construction's borrowed employee defense. After consideration of the writ application before this Court and the applicable law, we grant the writ, and reverse the portion of the trial court's judgment denying the motion for summary judgment regarding the borrowed employee defense. Fleming Construction's request for a stay is denied and the matter is remanded to the trial court with instructions.

### Relevant Facts and Procedural History

On February 14, 2023, Respondent, Damon Nelson (hereinafter "Mr. Nelson"), filed a petition for damages alleging, in part, that he contracted mesothelioma due to asbestos exposure while an employee of Fleming Construction from 2002-2006 and 2015-2022. In response to the petition for damages, Fleming Construction filed an answer, raising multiple affirmative defenses, including the defense of statutory immunity from Mr. Nelson's negligence claims under Louisiana's worker's compensation laws.

1

Approximately two months before trial, Fleming Construction filed a motion for summary judgment seeking a declaration that Mr. Nelson is precluded from suing Fleming Construction in negligence, absent an intentional tort, and alleging statutory immunity as Mr. Nelson was a borrowed employee during his first ninety days of employment. Specifically, Fleming Construction's second argument focuses on Mr. Nelson's first ninety days of employment, from February 7, 2002 to May 19, 2002, wherein he worked for Fleming Construction as a borrowed employee, employed by Temps Today, Inc. (a temporary employment agency).[1]

The trial court heard Fleming Construction's motion for summary judgment on December 14, 2023 and by judgment, dated December 21, 2023, denied Fleming Construction's motion for summary judgment as to the borrowed employee defense.[2] The trial court determined that since Fleming Construction failed to specifically raise the borrowed employee defense in its answer, it waived any substantive rights to argue the application of that defense.

Fleming Constriction subsequently sought a stay of the proceedings, pending its request for supervisory review in this Court, as trial is scheduled for January 16, 2024. The trial court denied the request for a stay and this application for expedited supervisory review followed.

**Discussion**

This case presents somewhat of a procedural quagmire. Fleming Construction's writ application seeks review of the trial court's December 21, 2023 judgment denying in part the motion for summary judgment. However, a closer

---

[1] Mr. Nelson became a direct employee of Fleming Construction on May 20, 2002.

[2] The December 21, 2023 judgment also grants Fleming Construction's motion for summary judgment as to Mr. Nelson's claims against Fleming Construction for intentional torts. Review of that ruling is not before this Court.

examination of the transcript reveals the trial court pretermitted Fleming Construction's substantive argument of whether it is entitled to immunity under workers' compensation for the ninety-day period in which Mr. Nelson was a borrowed employee. Thus, because the trial court pretermitted the substantive issue, we find our supervisory review limited to a procedural issue.[3] Namely, whether the trial court erred in finding that Fleming Construction waived the right to assert the borrowed employee defense when the defense was not specifically pled as an affirmative defense.

Tort immunity under the worker's compensation laws operates as an affirmative defense. *Brown v. Adair*, 2002-2028, p. 5 (La. 4/9/03), 846 So.2d 687, 690; *See Hernandez v. Aethon Energy Operating, LLC*, 54,623, p. 17 (La.App. 2 Cir. 1/11/23), 355 So.3d 726, 735 (Providing that tort immunity under the borrowed employee doctrine is an affirmative defense.). The general rule is that affirmative defenses are waived if not specifically pled in the answer. La. C.C.P. art. 1005; *Allvend, Inc. v. Payphone Commissions Co., Inc.*, 2000-0661, p. 6 (La.App. 4 Cir. 5/23/01), 804 So.2d 27, 30. In its answer, Fleming Construction identifies itself as Mr. Nelson's statutory employer, stating that any remedy for negligence claims is relegated to Louisiana's worker's compensation laws. The trial court found that the use of the term "worker's compensation" was insufficient to constitute the affirmative defense of a borrowed employee. Specifically, the trial court determined that the allegations in Fleming Construction's answer did not contain sufficient information to place Mr. Nelson on notice that it was invoking the borrowed employee defense. We find this to be in error. "If the plaintiff is

---

[3] Questions of fact or mixed questions of law and fact are reviewed under a manifest error standard of review. *Davis v. Nola Home Constr., L.L.C.*, 2016-1274, p. 6 (La.App. 4 Cir. 6/14/17), 222 So.3d 833, 840.

3

found to be the borrowed employee of the defendant, he…is entitled to an exclusive remedy in worker's compensation." *Conner v. Am. Marine Corp.*, 1996-2175, p. 3 (La.App. 4 Cir. 11/27/96), 684 So.2d 550, 552.

Paragraph 13 under the affirmative defenses section of Fleming Construction's answer to Mr. Nelson's petition for damages states the following:

> Fleming Construction asserts that Plaintiff's sole remedy, if any, lies exclusively in the workers' compensation laws of the state(s) in which Plaintiff worked and that, upon information and belief, Fleming Construction is a statutory employer pursuant to the workers' compensation laws of the state(s) in which Plaintiff worked.

Fleming Construction identifies Mr. Nelson as a borrowed employee because the first ninety days of his employment with the company was through Temps Today Inc. The term "borrowed employee" is a term of art, which previous cases have interpreted could encompass all employees. *See Morgan v. ABC Mfr.*, 1997-0956 (La. 5/1/98), 710 So.2d 1077, 1080; *See generally Darty v. Transocean Offshore U.S.A., Inc.*, 2003-1669 (La.App. 4 Cir. 5/12/04), 875 So.2d 106. Fleming Construction maintains that its immunity extends to the time period when Mr. Nelson was a borrowed employee, i.e. from February 7, 2002 to May 19, 2002. By asserting that Fleming Construction was the statutory employer of Mr. Nelson from February 7, 2002 to May 19, 2002, Fleming Construction affirmatively placed Mr. Nelson on notice that it considered him to be a borrowed employee. Paragraph 13 under the affirmative defenses section of Fleming Construction's answer sufficiently raises the issues of the relationship of employment and tort immunity. "Where a defense to a plaintiff's claim arises by operation of the very law under which the plaintiff is seeking recovery, the defense need not be affirmatively pleaded and there can be no unfair surprise, since no one may avail himself of the ignorance of the law." *Fishbein v. State ex rel. LSU Health Sciences*

*Ctr.*, 2006-0549, p. 7 (La.App. 1 Cir. 3/9/07), 960 So.2d 67, 72 (citations omitted). Although Fleming Construction did not specifically use the term "borrowed employee" in its answer, the assertion of a defense under Louisiana worker's compensation laws is evident. *See Biglane v. Bd. of Commissioners, Fifth Louisiana Levee Dist.*, 2018-100, p. 5 (La.App. 3 Cir. 6/19/17), 256 So.3d 1052, 1057. Therefore, we find Fleming Construction affirmatively pled the borrowed employee defense although the term "borrowed employee" was not specifically used. *Espadron v. Baker-Hughes, Inc.*, 1997-1951, p. 6 (La.App. 4 Cir. 4/22/98), 714 So.2d 60, 63 (Finding "the employment relation and tort immunity [issues] were raised in the pleadings although the statutory employer defense (applicable under the Louisiana Worker's Compensation statute), rather than the borrowed servant defense (applicable under the LHWCA), was specifically mentioned."). Accordingly, we find that the trial court erred in not considering the merits of Fleming Construction's borrowed employee defense and denying the motion for summary judgment on the procedural ground that the defense was not affirmatively pled.

As we find that the trial court erred in pretermitting the merits of the motion for summary judgment regarding the borrowed employee defense, this Court will not consider whether the defense applies to Mr. Nelson. Therefore, we remand the matter for the trial court to conduct a contradictory hearing and consider the merits of Fleming Construction's motion for summary judgment regarding the application of the borrowed employee defense. The trial court is directed to conduct a contradictory hearing in accordance with La. C.C.P. art. 966(C)(1)(a) before commencing trial in this matter. Accordingly, we grant the writ and reverse the portion of the trial court's judgment denying the motion for summary judgment

regarding the borrowed employee defense. Further, we deny Fleming Construction's request for a stay and remand the matter with instructions.

6

**WRIT GRANTED; JUDGMENT REVERSED; STAY DENIED; REMANDED WITH INSTRUCTIONS**