361 So.2d 279 (1978)
Robert B. EASTERLY and Fannie Elizabeth Easterly
v.
Kenneth B. CARR.
No. 12085.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*281 T. Barry Wilkinson, of Glusman, Moore, Lopez & Wilkinson, Port Allen, Counsel for plaintiff appellee.
Joseph W. Cole, Jr., Port Allen, Counsel for defendant appellant.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
Defendant, Kenneth B. Carr, appeals a judgment permanently enjoining him and/or his family, friends, relatives, and all other persons, from riding excessively noisy motorbikes upon his property located on Rosedale Road near Port Allen, Louisiana. The facts giving rise to the case are as follows:
Plaintiffs, Fannie Elizabeth Easterly and Robert B. Easterly, reside approximately one to two miles outside the city limits of Port Allen, Louisiana, on a three acre tract of land off of Rosedale Road, Louisiana Highway 989. The defendant is the owner of a similar tract of land lying to the east, one tract removed from and parallel to the property owned by the plaintiffs. With the exception of an eight stall barn for his horses and a fence around his property, the defendant has no other improvements thereon. The properties of both parties and the surrounding area is essentially a small rural community characterized as "just a group of people with small acreage." Sometime in the spring of 1977, the defendants two sons, one 11 and one 15 years of age, began riding trail bikes or motorcross motorcycles on their father's property. The noise and dust produced therefrom greatly disturbed plaintiffs and their family and the sheriff's department was called in an effort to stop the motorcycle riding. Subsequently, the defendant, Mr. Carr, telephoned plaintiff, Mr. Easterly, to work out an arrangement. The telephone conversation was unproductive and the motorcycle riding continued as it previously had until plaintiffs filed the petition herein for a temporary restraining order and a preliminary and permanent injunction in July of 1977. It is conceded that there are no local ordinances or zoning regulations affecting the use of the property in question.
Finding that plaintiffs were persons of ordinary sensibilities and that the noise produced from the motorcycle riding by the defendant's sons was unreasonably excessive and disturbing, the trial judge issued a permanent injunction as prayed for.
Defendant's assignment of errors are:
1. The trial court erred in failing to require the plaintiff to carry the burden of proof as required by law.
2. The trial court erred in granting an injunction which was not justified by the evidence.
3. The trial court erred in enjoining defendant from the use of his property in violation of Articles 667 and 668 of the Louisiana Civil Code.
4. That the injunction issued by the trial court constitutes a taking of property without due process in violation of the State and Federal Constitution.
5. The injunction rendered by the trial court is over broad even to grant the relief prayed for.
No case has been cited to us where an injunction was prayed for simply to stop the riding of trail bikes upon private property.
The obligations of proprietors toward one another are prescribed by La.R.C.C. Articles 666-669. These articles provide:
"Art. 666. The law imposes upon the proprietors various obligations towards one another, independent of all agreements; and those are the obligations which are prescribed in the following articles.
"Art. 667. Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
"Art. 668. Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although *282 it should occasion some inconvenience to his neighbor.
"Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbor's [neighbor's] house, because this act occasions only an inconvenience, but not a real damage.
"Art. 669. If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place."
"Work" includes activity as well as structure under La.R.C.C. Article 667. Chaney v. Travelers, 259 La. 1, 249 So.2d 181 (1971). And, noise is an activity which can be the subject of abatement in appropriate cases. See: Hobson v. Walker, 41 So.2d 789 (La.App. 2nd Cir. 1949), wherein the court stated:
"It must be conceded that the creation of excessive, unreasonable and disturbing noises, particularly during the night hours, unquestionably constitutes a nuisance, to the abatement of which parties disturbed thereby are entitled. However, it must be borne in mind that noise is not necessarily a nuisance, and a determination of this point can be made only after thorough consideration of all the surrounding circumstances and facts developed in a particular case.
"It is impossible to lay down any hard and fast rule inasmuch as numerous factors and elements must be taken into consideration, among which may be briefly noted the character of the locality, the nature of the noises, and the effect thereof upon persons of ordinary sensibilities. The determination of these points rests upon purely factual issues with respect to which the plaintiff in an action of this kind must bear the burden of proof."
The test of the right to an injunction against the maintenance of a nuisance is whether the alleged nuisance produces serious or material discomfort to persons of ordinary sensibilities in a normal state of health. Johnson v. Nora, 87 So.2d 757 (La. App. 2nd Cir. 1956).
Counsel for the defendant contends that the trial judge improperly applied the above-mentioned standard by placing the burden of proof upon him to prove that plaintiffs were not persons of ordinary sensibilities. This contention is predicated upon a statement of the trial judge, in reasons for judgment dictated into the record, that it was not proven that Mrs. Easterly was abnormal. We do not agree with counsel's contention. Having reviewed the record we find that the trial judge's statement was in reference to the failure of the defendant to overcome the preponderance of the evidence and that the trial judge understood and applied the proper standard. In addition to the testimony of the plaintiffs and their relatives to the effect that they were persons of ordinary sensibilities and that they were affected by the noise produced by the motorbikes, a neighbor, Mrs. Suzanne Arnold, testified that the noises were also disturbing to her. Although there was testimony from other neighbors to the contrary, the evidence discloses that those neighbors remain indoors most of the time. The evidence further discloses that of all those who reside in the neighborhood, plaintiffs' residence is situated the closest to where the bike riding activity took place. Furthermore, plaintiffs keep their house open most of the time and they prefer to be outdoors. Because of the close proximity of the properties of parties and the plaintiffs' lifestyle, they are particularly affected by the noise.
The evidence also indicates that the defendant's sons rode their bikes at least every other day for hours at a time and that on some occasions as many as four children rode at once. There was testimony that the noise generated by the bikes is a piercing sound similar to that of a power saw with fluctuating sounds, rather than *283 similar to the even sounds of nearby operating farm machinery.
Finally, plaintiffs testified that they cannot escape the noise even when they go inside their home. The noise disrupts their sleep as well as that of their two year old baby and is generally disruptive of the household as a whole. They cannot conduct normal conversation when friends or relatives visit and they become nervous and irritable.
Because of the conflicting testimony in this case and the broad discretion vested in the trier of fact, we find no abuse of discretion by the trial judge who is in a better position to evaluate the conflicting evidence.
The constitutional questions, presented by the defendant for the first time in his brief on this appeal, cannot be considered by this court. A litigant who fails to plead and particularize the question of unconstitutionality in the trial court cannot raise that issue in the appellate court. See: Johnson v. Welsh, 334 So.2d 395 (La. 1976).
Finally, defendant contends that the injunction issued by the trial court is overbroad. We agree.
The trial court's judgment can be interpreted in two ways: (1) It can be interpreted to prohibit the riding of motorcycles on the defendant's property altogether, because the riding of any motorcycles, in and of itself, creates unreasonably excessive noise or, (2) it can be interpreted to prohibit only the riding of the type of motorcycles which produce unreasonably excessive noise. Since the injunction is directed towards the elimination of unreasonably excessive noise, we find that prohibition of the conduct described by the latter interpretation would be the correct one. Furthermore, inasmuch as he was the only person made a defendant in the suit, the injunction can only be issued against Mr. Kenneth B. Carr.
Since the trial court's injunction is overbroad in these respects, the judgment of the trial court is amended to prohibit only the defendant, Mr. Kenneth B. Carr, from creating or from allowing others to create unreasonably excessive noise by the riding of unmuffled or insufficiently muffled motorcross bikes or trail bikes on his property located off of Rosedale Road near Port Allen, Louisiana, and, as thus amended, the trial court's judgment is affirmed.
Costs of the appeal are divided equally between the plaintiffs-appellees and the defendant-appellant.
AMENDED AND AFFIRMED.