415 So.2d 515 (1982)
Mary McCASTLE, et al.
v.
ROLLINS ENVIRONMENTAL SERVICES OF LOUISIANA, INC.
No. 14865.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*516 Stephen M. Irving, Dennis R. Whalen, Trial Atty., Baton Rouge, for plaintiffs-appellees Mary McCastle, et al.
Sera H. Russell, III, Baton Rouge, for defendant-appellant.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from an order of the district court issuing an injunction against Rollins Environmental Services (LA), Inc.
Plaintiffs, Mary McCastle, et al., alleged that on numerous specific dates Rollins had released into the atmosphere "stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors" which had been carried by the wind to plaintiffs' residences causing them to become "ill, uncomfortable, and miserable with burning eyes, sore throats and upset stomachs." Plaintiffs further alleged that unless restrained by the court, Rollins would continue to release these chemical fumes and odors which would cause irreparable injury to plaintiffs.
Rollins and plaintiffs agreed upon certain stipulations prior to trial. Included in the stipulations were affidavits from qualified experts in air quality and from area residents to the effect that odors emanating from the Rollins facility were of sufficient intensity to make the average person uncomfortable and to constitute a nuisance to *517 those living and working in the area. Also included in the stipulations was the petition for intervention filed by the plaintiffs in an adjudicatory hearing before the Louisiana Environmental Control Commission and a copy of the settlement reached by the parties in that hearing which was approved by the Commission and pursuant to which the Commission entered a compliance order. Additional compliance orders issued by the Louisiana Environmental Control Commission were also included.
The defendant filed exceptions of prematurity and nonjoinder of a necessary party which were overruled. On July 2, 1981, the court granted the preliminary injunction which enjoined Rollins from emitting nauseous odors from its landfarm operations conducted at its facility located on Scenic Highway in the Parish of East Baton Rouge, beyond the boundaries of its facilities, which result in plaintiffs, or any of them, becoming ill. The injunction also directed plaintiffs to notify Rollins in the event odors are emitted in violation of the injunction.
Rollins appeals, assigning the three following specifications of error:

I.
The trial court erred in granting injunctive relief to plaintiffs where the Legislature has created a regulatory body with exclusive jurisdiction and that body has acted on the issue before the court, within its regulatory jurisdictional grant.

II.
The trial court erred in denying defendant Rollins's exception of prematurity based on plaintiffs' failure to exhaust administrative remedies.

III.
The trial court erred in denying Rollins's exception of failure to join a necessary party (the ECC).

SPECIFICATION OF ERROR NO. 1
Plaintiffs brought this suit under La.Civ. Code art. 667[1] and sought an injunction under La.Code Civ.P. art. 3601.[2]
Rollins contends that the court's authority to issue injunctive relief as requested by the plaintiffs has been preempted by the statutory authority creating the Environmental Control Commission (ECC). Rollins contends that the ECC was vested with exclusive jurisdiction in the areas of air quality, water quality, solid waste, nuclear waste and hazardous waste. Rollins further submits that the plaintiffs cannot bring this suit for equitable relief because Rollins is now operating under the specific orders of the ECC, and an injunction, such as is sought by plaintiffs, would usurp the regulatory functions of the ECC.
*518 Rollins specifically points to La.R.S. 30:1074 of the Louisiana Environmental Affairs Act which deals with citizen suits.
La.R.S. 30:1074 reads as follows:
"§ 1074. Citizen suits
"(1) Except as provided in Subsection (2) of this Section, any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of this Chapter or of the regulations promulgated hereunder. The action must be brought either in the district court in the parish in which the violation or alleged violation occurs or in the district court of the domicile of the alleged violator, and shall be afforded preferential hearing by the court.
"If, at the hearing on the order, it appears to the satisfaction of the court that a violation has occurred, or is occurring, the court may, in order to enforce the provisions of this Chapter, assess a civil penalty not to exceed ten thousand dollars for each day of the continued noncompliance and the court may, if appropriate, issue a temporary or permanent injunction.
"The court in issuing any final order in any action brought pursuant to this Section, may award costs of court including reasonable attorneys and expert witness fees to the prevailing party. The court may also award actual damages to the prevailing plaintiff. The judgment of the court at the hearing, or subsequently on a petition for fixing the penalty if the violation is a continuing one, shall fix the total amount of penalty due, which shall be collectible under the same procedures as now fixed by law for the collection of money judgments and shall be awarded to and collected by the state of Louisiana and deposited into the state treasury.
"(2) No action under this Part shall be commenced under Subsection (1) hereof:
"(a) Prior to thirty days after the plaintiff has given notice of the violation (i) to the assistant secretary and (ii) to any alleged violator.
"(b) If the assistant secretary or his legal counsel has commenced and is diligently prosecuting a civil or criminal action in a court of this state to require compliance with any standard, limitation, or order; however, in any such action any person having an interest which is or may be adversely affected may intervene as a matter of right.
"(c) If the alleged violator is operating under a variance granted by the commission or by an appropriate secretary and is in compliance with the terms of such variance.
"(d) Against any person while such person, with respect to the same violation is: (i) under any order pursuant to this chapter to enforce any provision of this Chapter, or (ii) a defendant in any civil suit brought under the provisions of R.S. 30:1073, or (iii) the subject of an action to assess and collect a civil penalty pursuant to R.S. 30:1073(E).
"(3) Provided, however, that nothing herein shall be construed to limit or deny any person's right to injunctive or other extraordinary and ordinary relief under the Louisiana Civil Code or otherwise under Louisiana law, other than this Part. (Emphasis added.)
"(4) The enforcement, procedures, and remedies herein provided for shall be in addition to any such procedures and remedies authorized under the laws of this state."
Rollins contends that if the Legislature had intended to allow all suits for injunctive relief by any party, it would not have included the language "other than this Part" within the statutory scheme allowing citizen suits. It seems obvious that the "Part" referred to in Subsection (3) is Part II of Chapter 11 of Title 30. Chapter 11 is entitled "Environmental Affairs" and includes the Louisiana Air Control Law, the Louisiana Water Control Law, the Louisiana Nuclear Energy and Radiation Control Law, the Louisiana Solid Waste Management and Resource Recovery Law, and the Hazardous Waste Control Law. Part II is entitled "Office of Environmental Affairs" *519 and is the "Part" in which § 1074 (citizen suits) is located. Part II provides for the creation, the duties, the powers, and the structure of the Office of Environmental Affairs and the Environmental Control Commission. Authority is given to the Commission under this Part to grant all permits, licenses, registrations, variances and compliance schedules and to issue any orders necessary to effect the purpose of the Chapter including but not limited to cease and desist orders.
Subsection (3) begins with "Provided, however", language which indicates a limitation to Subsection (2). That limitation is that Subsection (2) does not apply to suits brought under other Louisiana laws, but applies only to suits brought under this Part.
There is no provision in Chapter II (Environmental Affairs) which prohibits a suit for an injunction in this case. Section 1074 (citizens suits) regulates suits to enforce provisions of the Chapter and rules and regulations promulgated thereunder. Plaintiffs have not sued claiming a specific violation of the Chapter or of a rule or regulation thereunder. The plain language of subsection (3) makes it clear that subsection (2) does not deny any person the right to relief under any other Louisiana law. Subsection (4) (formerly § 1076) further explains that the enforcement, procedure, and remedies provided therein are additional to those presently authorized under Louisiana Law. Section 1074 gives authority and grounds to sue over and above whatever authority is available under various other Louisiana laws. The limitation found in subsection (2) applies only to suits brought under the specific grant of authority found in subsection (1) and applies only when a person is suing another whom he alleges to be in violation of this Chapter or of the regulations promulgated hereunder.
We find that plaintiffs brought this suit under La.Civ.Code art. 667 and that there is nothing in Chapter II (Environmental Affairs) to prevent them from doing so. Because of this finding, Rollins's specification of error No. 2 is without merit. Plaintiffs were not required to exhaust administrative remedies under the Louisiana Administrative Procedure Act. They are not appealing a decision of an administrative body. Neither does defendants' specification of error No. 3 have merit. The cases cited by defendant involve suits attacking directly or collaterally an order of the Commissioner of Conservation and are controlled by La.R.S. 30:12 found in Chapter 1. There is no comparable provision applicable to the instant suit.
The trial court, after reviewing the various documents, stipulations, and exhibits, found that a preliminary injunction should issue to prevent Rollins from emitting odors which result in plaintiffs becoming ill. On appeal, plaintiffs have asked that the injunction be amended to include odors and fumes which make plaintiffs uncomfortable. The test of the right to an injunction against the maintenance of a nuisance is whether the alleged nuisance produces serious or material discomfort to persons of ordinary sensibilities in a normal state of health. Easterly v. Carr, 361 So.2d 279 (La.App. 1st Cir. 1978), Johnson v. Nora, 87 So.2d 757 (La.App. 2d Cir. 1956). We amend the judgment to conform to this standard and hold that Rollins is additionally enjoined from emitting odors which cause plaintiffs, or any of them, serious or material discomfort.
Plaintiffs have answered this appeal seeking attorney fees for a frivolous appeal. We find no basis for this claim and thus deny the attorney fees.
For the above reasons, the judgment of the trial court is affirmed as amended and appellant is assessed with all costs.
AMENDED AND AFFIRMED.
NOTES
[1] "Art. 667. Limitation on use of property

"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
[2] "Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order

"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition."