**ELMWOOD VILLAGE CENTER**

v.

**KMART CORPORATION.**

Civ. A. No. 94–2840.

United States District Court, E.D. Louisiana.

Sept. 8, 1994.

**310**

Patrick Johnson, Jr., David F. Waguespack, Lemle & Kelleher, New Orleans, LA, for plaintiff.

Charles S. McCowan, Jr., Charles L. Patin, Jr., Jay Morton Jalenak, Jr., Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Robert N. Aquiluz, Baton Rouge, LA, for defendant.

## ORDER AND REASONS

CLEMENT, District Judge.

Defendant Kmart Corporation ("Kmart") has filed an Exception of Lack of Subject Matter Jurisdiction, arguing that this Court does not have jurisdiction to grant plaintiff's petition for preliminary mandatory injunction. For the following reasons, defendant's exception is DENIED.

Defendant advances three arguments in support of its contention that this Court lacks jurisdiction to issue a mandatory injunction. The Court will consider these arguments in turn.

### 1. Preemption by LA R.S. 30:2026(B)

■ First, defendant argues that, under LA R.S. 30:2026(B)(4), the Court cannot order it to remedy its violations of environmental laws because the Louisiana Department of Environmental Quality ("DEQ") has already issued a compliance order.

LA R.S. 30:2026 provides a cause of action for "any person having an interest, which is or may be adversely affected . . . against any person whom he alleges to be in violation" of environmental laws and regulations. La.Rev.Stat. § 30:2026(A)(1). A defendant may not be sued under this section when he is "under any order issued pursuant to this Subtitle to enforce any provision of this Subtitle." La.Rev.Stat. § 30:2026(B)(4)(a). However, "nothing herein shall be construed to limit or deny any person's right to injunctive or other extraordinary and ordinary relief under the Louisiana Code of Civil Procedure or otherwise other Louisiana law, other than this Section." La.Rev.Stat. § 30:2026(C).

The interplay of these three provisions was interpreted by the Louisiana Court of Appeal in *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 415 So.2d 515 (1st Cir.1982). The facts in *McCastle* are strikingly similar to the facts of this case. Plaintiffs complained that defendants were releasing into the air "stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors." *Id.* at 516. They brought suit alleging nuisance under La.Civ.Code art. 667 and requesting an injunction under La.Code Civ.P. art. 3601. Defendants argued that the court was preempted from issuing injunctive relief against them because they were already operating under a compliance order issued by the Environmental Control Commission (the predecessor of the DEQ). The Court rejected defendants' argument, holding that "the limitation found in subsection (2) [now La.Rev.Stat. § 30:2026(B)(4)(a) ] applies only to suits brought under the specific grant of authority found in subsection (1) [now La.Rev.Stat. § 30:2026(A)(1) ] and applies only when a person is suing another whom he alleges to be in violation of this Chapter or of the regulations promulgated hereunder." *Id.* at 519.

Kmart argues, correctly, that this case is distinguishable from *McCastle* in that Elmwood's petition specifically cites violations of Louisiana environmental laws and regulations as one of its grounds for requesting an injunction. The question before this Court is whether the holding of *McCastle* should be extended to include cases where a plaintiff does allege violations of environmental laws in its request for an injunction, but also bases that request on other Louisiana laws. The Court finds that the holding of *McCastle* should be extended in this manner. The extent of court interference in the operations of the DEQ is not greater simply because a plaintiff has referred to environmental laws in its complaint. In *McCastle*, the Environmental Control Commission apparently had issued a compliance order requiring defendants to do what the plaintiffs wanted, though plaintiffs had not referred to environmental laws in their petition. It would not make sense to limit the holding of *McCastle* simply because plaintiffs alleged violations of environmental laws in their petition. The Court holds that, as long as plaintiffs assert a basis for an injunction that is independent of La.Rev.Stat. § 30:2026, the Court is not preempted from issuing an injunction simply because plaintiffs also allege violations of environmental laws.

In this case, Elmwood has asserted causes of action based on several Louisiana laws other than § 30:2026, including nuisance, vicinage, trespass, breach of lease, negligence, and intentional misrepresentation. Any one of these grounds could entitle it to an injunction. Under *McCastle*, the fact that these grounds are based on environmental violations does not matter, as long as the cause of action itself is created by a law other than the citizen suit provisions of the Louisiana Environmental Quality Act. The Court in this case is therefore not preempted from issuing an injunction.

**2. Mootness**

■ Second, defendant argues that an injunctive remedy would be moot because DEQ's compliance order requires it to begin remediation by August 22 and complete it by September 21, 1994, which is before the deadline requested by plaintiff. This argu-

ment overlooks the fact that Kmart has apparently chosen not to comply with the DEQ's order, as August 22 has passed and remediation has not begun. While Kmart has admittedly not yet violated the DEQ's compliance order, but rather requested a hearing, its acts have effectively extended its deadline well beyond September 21. The injunction requested by Elmwood obviously is not moot under these circumstances.

**3. Nuisance Law**

■ Third, defendant argues that plaintiff's action is not cognizable under Louisiana's law of nuisance, embodied in La.Civ. Code art. 667, because Elmwood owns both the dominant and servient estates. This argument goes to the merits of Elmwood's petition, not to this Court's subject matter jurisdiction. It would be relevant to the issue of subject matter jurisdiction only if nuisance were the only basis on which Elmwood was requesting an injunction. Since Elmwood has also based its petition on trespass, breach of lease, negligence, and the other grounds listed above, the Court at this time declines to address whether plaintiff has a valid nuisance claim under Louisiana law.

**Conclusion**

For the foregoing reasons, defendant's Exception of Lack of Subject Matter Jurisdiction is DENIED.