SETH H. SCHAUMBURG

VERSUS

PARISH OF JEFFERSON

NO. 19-CA-140

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-052, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

February 19, 2020

**FREDERICKA HOMBERG WICKER
JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**REVERSED AND REMANDED**
   **FHW**
   **JGG**
   **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
SETH H. SCHAUMBURG
>Frances L. Radcliff
>Douglas S. Hammel
>Val P. Exnicios
>Kelsey L. Zeitzer
>Max N. Tobias, Jr.
>Seth H. Schaumburg
>Anthony J. Russo
>Dean J. Favret
>Angela C. Imbornone
>Lauren A. Favret
>Bruce C. Betzer, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
PARISH OF JEFFERSON
>William Peter Connick
>Michael S. Futrell
>Matthew D. Moghis

COUNSEL FOR DEFENDANT/APPELLEE,
APTIM CORPORATION
>Ernest P. Gieger, Jr.
>William A. Barousse
>J. Michael DiGiglia
>Jonathan S. Ord

COUNSEL FOR DEFENDANT/APPELLEE,
WASTE CONNECTIONS BAYOU, INC., WASTE CONNECTIONS US, INC.,
AND LOUISIANA REGIONAL LANDFILL COMPANY
>David R. Taggart
>Michael C. Mims
>John B. Stanton
>Megan R. Brillault
>Michael G. Murphy
>John Henry Paul
>James B. Slaughter

**WICKER, J.**

Plaintiff/Appellant Seth Schaumburg (hereinafter "Plaintiff") sought a permanent injunction to prevent Defendants/Appellants, the Parish of Jefferson, Waste Connections Bayou, Inc., Waste Connections US, Louisiana Landfill Company, and Aptim Corporation (hereinafter, collectively "defendants") from perpetuating a nuisance in the form of noxious odors and substances allegedly emanating from the Jefferson Parish Sanitary Landfill (hereinafter "JP Landfill" or "landfill"). On February 7, 2019, the trial court granted Defendants' exceptions of no right of action, dismissing Plaintiff's claims with prejudice. Plaintiff appealed. For the following reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

On July 26, 2018, Plaintiff brought suit against the Parish of Jefferson, owner of the landfill located in Waggaman, Louisiana, alleging nuisance under La. C.C. art. 667 and requesting an injunction pursuant to La. C.C.P. art. 3601. Plaintiff alleged that "foul, noxious odors and/or substances have emanated from the JP Landfill into and onto the persons and properties of neighboring communities, including into and onto Petitioner's immovable property and improvements thereon located in River Ridge, Louisiana." Plaintiff stated his belief that the odors consisted "primarily of hydrogen sulfide and methane gases," and he claimed that the noxious odors "caused severe and recurring interference with the peaceful enjoyment of Petitioner's property, and have caused personal injury in the form of foul, nauseating odors, burning eyes, etc."

In support of his petition, Plaintiff alleged the following facts:

in addition to his own, there have been in excess of two thousand three hundred complaints lodged to date on Facebook by individual residents surrounding the JP Landfill of noxious, foul odors emanating into and onto their persons and properties, and that Defendant's JP Landfill has been cited by the Louisiana Department of Environmental Quality

19-CA-140                                    1

(LDEQ) for numerous violations of relevant environmental rules and regulations, including but not limited to failure to properly cover materials deposited daily at the JPL site.

Plaintiff further suggested that the nuisance might be a result of the landfill being operated with an "inadequate, antiquated leachate collection system and inadequate and antiquated landfill gas collection system," such that gases and leachate are emanating improperly.

Plaintiff concluded that Louisiana Civil Code Article 667, which prohibits a landowner from using his or her property in such a way as to "deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him," provided Plaintiff with a cause of action against Defendant. He alleged that Defendant violated Article 667 by making work on the landfill site which deprived plaintiff of the use and enjoyment of his property and caused damage in the form of diminished property values and burning eyes, etc.

In August 2018, the Parish, as the only defendant named in the lawsuit, brought exceptions of no right of action, no cause of action, and non-joinder of parties. The Parish argued that because Plaintiff alleged violations of environmental rules and regulations under the Louisiana Environmental Quality Act (LEQA), La. R.S. 30:2001 *et seq.*, he was "effectively" bringing a citizen suit pursuant to La. R.S. 30:2026(A). The LEQA's citizen suit provision creates a cause of action for a private citizen to enforce the LEQA or regulations implemented thereunder against "any person whom he alleges to be in violation" thereof. La. R.S. 30:2026(A)(1), (2); *See Morris & Dickson Co. v. Jones Bros. Co.*, 29,379 (La. App. 2 Cir. 4/11/97), 691 So.2d 882, 894. However, the Parish argued that Plaintiff's suit was barred because La. R.S. 30:2026(B)(4)(a) precludes citizen suits "[a]gainst any person while such person, with respect to the same violation is: [u]nder any order issued pursuant to [the LEQA] to enforce any provision of [the LEQA]."

The Parish alleged in its exception of no right of action that on June 22, 2018, LDEQ issued a Compliance Order (the "June Compliance Order") to Jefferson Parish directly addressing both the inadequate leachate collection system and the failure to properly cover materials alleged in Plaintiff's petition. Therefore, the Parish argued that Plaintiff's right of action was eliminated by the June Compliance Order which allegedly mandated that the Parish immediately "ensure the leachate collection system is properly operated and maintained" and ensure "daily cover material is applied."

On September 19, 2018, the trial court heard argument on the Parish's exceptions of no right of action, no cause of action, and non-joinder of parties.[1] In support of its arguments, the Parish introduced its pleadings and attached exhibits into evidence, which included the June 22, 2018 Compliance Order. Acknowledging that Plaintiff claimed a right of action pursuant to both La. C.C. art. 667 *and* La. R.S. 30:2026(A)(1), the trial court found, "[t]he Compliance Order in this matter does not address the landfill's gas collection system or noxious and foul odors and gases and therefore La. R.S. 30:2026(B)(4)(a) does not preclude commencement of an action based on these allegations." However, the trial court found that because the June Compliance Order did address the "daily cover" and "leachate collection system" mentioned in Plaintiff's petition, "it appears that pursuant to La. R.S. 30:2026(B)(4)(a) Mr. Schaumburg's Petition fails to state a right of action as to 'daily cover' and leachate."

The trial court declined to grant the Parish's exception of no right of action "because the Petition states different theories of recovery arising out of a single set of operative facts and therefore a partial grant of the exception would be an

---

[1] In addition to arguing that Plaintiff's claims were statutorily barred, the Parish alleged that numerous parties who had contracted with the Parish to operate and maintain the landfill were indispensable parties to the litigation.

impermissible partial judgment." On October 4, 2018, the trial court issued an order denying the exceptions of no right of action and no cause of action but granting the exception of non-joinder. Neither party sought review of these judgments in this Court.

On October 17, 2018, Plaintiff filed his First Supplemental and Amending Petition for Permanent Injunction, adding the following defendants: Waste Connections Bayou, Inc. (formerly known as Progressive Waste Solutions of LA, Inc.); Waste Connections, US, Inc.; Louisiana Regional Landfill Company (formerly known as IESI LA Landfill Corporation); and Aptim Corporation. Apart from the paragraph adding new defendants, Plaintiff realleged and reaffirmed all of the allegations contained in his Original Petition as if copied *in extenso*.

On November 26, 2018, Defendants filed exceptions of lack of subject matter jurisdiction, no right of action, no cause of action, prematurity, and vagueness. They alternatively sought a stay of the proceedings until LDEQ enforcement actions were resolved.[2]

At the January 9, 2019, hearing on the exceptions, Defendants' addressed the court as follows:

> You recognized in your October ruling on Jefferson Parish's exceptions that plaintiff Seth Schaumburg would lack a right of action as to any issues that were covered in a DEQ compliance order.
> . . .
> Well, today before us, we have not only that June compliance order but also the second compliance order issued by the DEQ, the September compliance order.[3] And that was not before you at the time of the Jefferson Parish exceptions and that new compliance order is much

---

[2] Defendants argued that the court should not interfere with ongoing enforcement actions by LDEQ because (a) Plaintiff's claims "arise under Louisiana's citizen suit provisions" and are barred by La. R.S. 30:2026(B)(4); and (b) "Plaintiff's claims are preempted by federal law as they seek to enjoin gas emissions from a permitted landfill that is regulated by the LDEQ pursuant to its authority under the Clean Air Act."

[3] Both the June Compliance Order and the September Compliance Order, along with numerous other exhibits, were attached to Defendants' exceptions. However, because none of the exhibits were introduced into evidence at the January 9, 2019 hearing, the trial court improperly considered those documents. Nevertheless, in order to properly evaluate this case we need only consider Plaintiff's petitions and Defendants' exceptions and specifically need not consider the substance of the compliance orders. Therefore, we are not constrained from addressing Plaintiff's right of action on the merits by the Defendants' failure to introduce the exhibits attached to Defendants' exceptions.

longer and much broader than the previous compliance order. And when you take a look at that compliance order, you will see that it covers each and every harm that is alleged in the petition.

So under the same rational[e] that you employed in your October ruling, we think that the result is Mr. Schaumburg lacks a right of action as to all of those issues in his petition. There is no fear of any impermissible partial judgment. So we have grounds for a full dismissal at this point.

At the conclusion of the hearing, the trial court found, "the allegations of the petitions as to the noxious odors and gases and the landfill's gas collection system are covered by the September 2018 Compliance Order." Therefore, the trial court found that Plaintiff had no legal interest in the subject matter of the litigation and granted Defendants' exception of no right of action dismissing Plaintiff's claims with prejudice. This appeal followed.

## LAW AND DISCUSSION

On appeal, Plaintiff raises three assignments of error:

1. The trial judge erred when he found [Plaintiff's] Petition for injunctive relief "failed to state a right of action" and it was preempted retroactively by Defendant's September 2018 compliance order pursuant to LSA-R.S. 30:2016(B)(4)(a).

2. The trial judge erred when he failed to consider the clear statutory language of LSA-R.S. 30:2026(C), which preserves [Plaintiff's] rights to injunctive relief in the statute itself.

3. The trial judge erred by ignoring *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 415 So.2d 515 (1st Cir. 1982) holding that a nuisance action under LSA-C.C. art. 667 is [not] subject to the environmental regulations found in LSA-R.S. 30:2026(B)(4)(a).

Addressing first Plaintiff's second and third assignments of error, the question of whether a plaintiff has a right of action is a question of law which appellate courts review *de novo*. *Johnson v. Motiva Enters., LLC*, 13-305 (La. App. 5 Cir. 10/30/13), 128 So.3d 483, 488. An action may be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The peremptory exception of no right of action assumes a valid cause of action exists and asks whether the plaintiff is within the class of persons to which the law

affords a remedy. *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 1096, 262 So.2d 328, 333 (1972).

Plaintiff claims that his petition for injunction is not a citizen suit under La. R.S. 30:2026(A), which provides, "any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of this Subtitle [LEQA, La. R.S. 30:2001 *et seq.*] or of the regulations promulgated hereunder." Instead, Plaintiff's petition asserts that Defendants have violated Louisiana Civil Code Article 667, which provides, "[a]lthough a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."

Plaintiff argues that the citizen suit provision of the LEQA specifically preserves Plaintiff's rights to bring a claim under state laws other than the LEQA. Louisiana Revised Statute 30:2026(C) provides, "nothing herein shall be construed to limit or deny any person's right to injunctive or other extraordinary and ordinary relief under the Louisiana Code of Civil Procedure or otherwise under Louisiana law, other than this Section." Therefore, Plaintiff further avers that the trial court erred when it treated his claim like a citizen suit and retroactively applied the September 2018 Compliance Order to Plaintiff's petition to find Plaintiff's claim was preempted by LDEQ action pursuant to La. R.S. 30:2026(B)(4)(a).

Defendants claim, on the other hand, that despite an attempt to "package" his case as an Article 667 nuisance action, Plaintiff's claim "is a quintessential citizen suit" because it "asks the court to enforce the same violations LDEQ cites under the June and September Compliance Orders." Thus, Defendants urge this Court to uphold the "critical statutory bar against citizen suits when enforcement actions are pending," the purpose of which, according to Defendants, is to ensure

"judicial deference to LDEQ's expertise" in enforcing environmental rules and regulations.

Alternatively, Defendants argue that this Court should stay all proceedings in the trial court on primary jurisdiction grounds until LDEQ resolves the enforcement actions. In support of this argument, Defendants claim that the relief Plaintiff requests would "unnecessarily require the district court to administer complex injunctive relief regarding landfill engineering and other specialized disciplines committed to the regulatory expertise of state agencies and likely lead to conflicting and overlapping mandates by the district court and LDEQ."

***Right of Action***

Whether Plaintiff has a right of action involves an interpretation of whether La. R.S. 30:2026 preserves Plaintiff's ability to bring a nuisance claim under La. C.C. art. 667. Therefore, we begin with the plain language of the statute. *See Brown v. Adair*, 02-2028 (La. 4/9/03), 846 So.2d 687, 689. When the language of a statute is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written, without any further investigation as to legislative intent. La. C.C. art. 9; *see Brown*, 846 So.2d at 690. Furthermore, laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13; *see Inabnet v. Exxon Corp.*, 93-0681 (La. 9/6/94), 642 So.2d 1243, 1256–57.

Subsection A of Louisiana Revised Statute 30:2026 provides in relevant part,

> *Except as provided in Subsection B of this Section*, any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of this Subtitle [the LEQA] or of the regulations promulgated hereunder. (emphasis added).

Subsection A *creates* a cause of action by which an individual citizen may enforce environmental rules and regulations contained within or promulgated under the LEQA. Section A references an exception to the

citizen's ability to bring suit under La. R.S. 30:2026, which is contained in

Subsection B.

Subsection B provides in relevant part,

No action *under this Section* [La. R.S. 30:2026] shall be commenced under Subsection A:

. . .

(4) Against any person while such person, with respect to the same violation is:

(a) Under any order issued pursuant to this Subtitle [the LEQA] to enforce any provision of this Subtitle [the LEQA].

(emphasis added).

However, Subsection C of Louisiana Revised Statute 30:2026 reads,

"[p]rovided, however, that *nothing herein* shall be construed to limit or deny any

person's right to injunctive or other extraordinary and ordinary relief under the

Louisiana Code of Civil Procedure or otherwise under Louisiana law, other than

this Section." (emphasis added). When Subsection (C) is interpreted in relation to

the other subsections, the language "[p]rovided, however" denotes an overarching

exception such that the limitations found in Subsection (B) only apply "to suits

brought under the specific grant of authority found in [Subsection (A)]." *McCastle*

*v. Rollins Envtl. Servs. of Louisiana, Inc.*, 415 So.2d 515, 519 (La. App. 1 Cir.

1982), *writ denied,* 420 So.2d 449 (La. 1982). Subsection (B) does not deny

Plaintiff the right to relief under any other Louisiana law.

Furthermore, to the extent that ambiguity can be read into the phrase, "other

than this Section," Subsection (D) of Louisiana Revised Statute 30:2026 clearly

states, "[t]he enforcement, procedures, and remedies herein provided for *shall be in*

*addition* to any such procedures and remedies authorized under the laws of this

state." The citizen suit provision of the LEQA, La. R.S. 30:2026, very clearly

creates an additional cause of action by which individual plaintiffs can enforce

environmental rules and regulations while preserving all personal actions already available to citizens under other laws of the State.

In his petition and amended petition, Plaintiff very clearly alleged a cause of action in nuisance pursuant to La. C.C. art. 667 and did not seek to avail himself of the cause of action created by La. R.S. 30:2026. Plaintiff alleged that "foul, noxious odors and/or substances have emanated from the JP Landfill into and onto the persons and properties of neighboring communities, including into and onto Petitioner's immovable property and improvements thereon located in River Ridge, Louisiana."

Plaintiff alleged in his petition that the odors consisted "primarily of hydrogen sulfide and methane gases." In support of Plaintiff's claim that the odors were, indeed, emanating from the Landfill and that he was entitled to an injunction, in the petition Plaintiff alluded to the fact that the Landfill had been cited by LDEQ for numerous violations of environmental rules and regulations. By discussing the alleged inadequate gas and leachate collection systems, Plaintiff inferred that the Landfill's operation and/or equipment was the reason that gases and leachate were emanating improperly and causing the nuisance.

Finally, Plaintiff specifically alleged that Louisiana Civil Code Article 667 provided Plaintiff with a cause of action against Defendant. He alleged that Defendant violated Article 667 by making work on the landfill site which deprived plaintiff of the use and enjoyment of his property and caused damage in the form of diminished property values and burning eyes, etc.

Plaintiff never alleged a violation of La. R.S. 30:2026 or any other section of the LEQA in his petition. He did not refer to specific rules or regulations within the LEQA that the Landfill had violated or cite any acceptable level of emissions that he claimed the Landfill had exceeded. He simply prayed for an end to the noxious odor causing harm to his person and his property.

Our interpretation of La. R.S. 30:2026 is consistent with the Louisiana First Circuit's finding in *McCastle*, 415 So.2d 515. The plaintiffs in *McCastle* complained that Rollins released "stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors" into the air which had been carried to plaintiff's residences causing them to become "ill, uncomfortable, and miserable with burning eyes, sore throats and upset stomachs." The plaintiffs brought suit under La. C.C. art. 667 and requested an injunction pursuant to La. C.C.P. art. 3601.

Defendant Rollins argued that the court was without authority to issue injunctive relief because the Environmental Control Commission (ECC), predecessor to LDEQ, "was vested with exclusive jurisdiction in the areas of air quality, water quality, solid waste, nuclear waste, and hazardous waste" and had already issued orders on the subject matter. *McCastle*, 415 So.2d at 517. Rollins further asserted that "if the Legislature had intended to allow all suits for injunctive relief by any party, it would not have included the language 'other than this Part' within the statutory scheme allowing citizen suits." *Id.* at 518. The court held that nothing prohibited the plaintiffs from seeking an injunction because,

> Section 1074 (citizens suits) [now La. R.S. 30:2026] regulates suits to enforce provisions of the Chapter and rules and regulations promulgated thereunder. Plaintiffs have not sued claiming a specific violation of the Chapter or of a rule or regulation thereunder. . . . Section 1074 gives authority and grounds to sue over and above whatever authority is available under various other Louisiana laws.

*McCastle*, 415 So.2d at 519.

As the *McCastle* court succinctly stated, "[w]e find that plaintiff[] brought this suit under La. Civ. Code art. 667 and that there is nothing in [the Louisiana Environmental Quality Act (LEQA), La. R.S. 30:2001 *et seq.*] to prevent them from doing so." 415 So.2d at 519.

However, Defendants argue that, unlike the *McCastle* plaintiffs, Plaintiff in this case has alleged specific violations of the LEQA and LDEQ rules. The United States District Court for the Eastern District of Louisiana addressed the issue of "whether the holding of *McCastle* should be extended to include cases where a plaintiff does allege violations of environmental laws in its request for an injunction, but also bases that request on other Louisiana laws" in *Elmwood Village Center v. K-Mart Corp.*, 863 F.Supp. 309, 311 (E.D. La. 1994).

The plaintiffs in *Elmwood* asserted various causes of action including nuisance, vicinage, trespass, breach of lease, negligence, and intentional misrepresentation. *Id.* The defendant argued that the court could not enjoin defendants from violating environmental laws because LDEQ had already issued a compliance order. *Id.* at 310. The court held, based on the interpretation of the law in *McCastle*, the fact that plaintiffs include violations of environmental laws as grounds for an injunction in the petition does not matter, "as long as the cause of action itself is created by a law other than the citizen suit provisions of the Louisiana Environmental Quality Act." *Id.* at 311. We find that the reasoning of the *Elmwood* court is also consistent with our interpretation of La. R.S. 30:2026. Plaintiff has pled a cause of action in nuisance pursuant to La. C.C. art. 667 that is not prohibited in any way by the LEQA.

### *Preemption and Primary Jurisdiction*

Addressing now Plaintiff's first assignment of error, Defendants state that Plaintiff admitted to seeking an injunction only to "prevent the Landfill from violating the laws that are already in place." Such an admission, Defendants argue, is proof that Plaintiff's right of action is preempted by La. R.S. 30:2026(B)(4)(a).

Preemption is a term typically used to describe the situation where Congress has passed a law or created a regulatory scheme that either expressly or implicitly

prevents the States from passing or enforcing supplemental laws on the same subject matter. *See generally, State v. Sarrabea*, 13-1271 (La. 10/15/13), 126 So.3d 453. As previously discussed, La. R.S. 30:2026 contemplates that other state law causes of action exist in addition to the "citizen suit" cause of action created by La. R.S. 30:2026. Therefore, Defendants have not established that Plaintiff's suit for injunction is preempted by La. R.S. 30:2026(B)(4)(a). *See also, Merrick v. Diago Americas Supply, Inc.*, 805 F.3d 685, 691–92 (6th Cir. 2015) (similar citizen suit provisions within the Federal Clean Air Act confirmed that plaintiff's state common law claims were not preempted by the Act).

In a similar vein, Defendants assert that the doctrine of primary jurisdiction requires that Plaintiff's suit should be stayed pending LDEQ enforcement procedures. Defendants argue that the Court should defer to LDEQ's expertise to reduce risks such as inconsistencies caused by the Court's interference in LDEQ's regulatory scheme while lacking the necessary expertise.

The doctrine of primary jurisdiction requires a court to stay an action when there must be a ruling on "some issue within the special competence of an administrative agency." *Reiter v. Cooper,* 507 U.S. 258, 268, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993). There is no indication that such a ruling was prayed for in this case. Defendants' claim that the court will be required or tempted to create its own emissions standards, in conflict with the standards set by federal law or the LEQA, in order to grant the relief requested by Plaintiff is far-fetched. Plaintiff has not asked the court to intervene in or interfere with agency proceedings. Defendants acknowledge that Plaintiff is asking the court to order Defendants to comply with current laws. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 284 (D. Colo. 1997) (rejecting the idea that conflicting orders would result from court and agency considering the same permits, statutes, and regulations); *St. Bernard Citizens for Envtl. Quality,*

*Inc. v. Chalmette Ref., L.L.C.*, 348 F.Supp.2d 765, 766 (E.D. La. 2004) (rejecting defendant's claim that court should defer to LDEQ as agency charged with enforcing the Clean Air Act, 42 U.S.C. § 7604).

Again, by including the citizen suit provision, La. R.S. 30:2026, within the LEQA, the Louisiana legislature clearly contemplated that the courts may appropriately be involved in the enforcement environmental regulations under certain circumstances. *See Morris & Dickson Co. v. Jones Bros. Co.,* 29,379 (La. App. 2 Cir. 4/11/97), 691 So.2d 882, 894 (stating the purpose of LEQA's citizen suit provision is to encourage citizens to seek judicial enforcement of LDEQ regulations when appropriate). Furthermore, as we have determined that Plaintiff has not filed a citizen suit pursuant to La. R.S. 30:2026, but rather a suit to enjoin a nuisance pursuant to La. C.C. art. 3601 and La. C.C. art. 667, we find that the doctrine of primary jurisdiction is not implicated by the facts of this case.

## CONCLUSION

For the aforementioned reasons, we reverse the trial court's grant of Defendants' peremptory exception of no right of action and remand this matter for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 19, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-CA-140

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
VAL P. EXNICIOS (APPELLANT)          BRUCE C. BETZER, JR. (APPELLANT)      MICHAEL S. FUTRELL (APPELLEE)
WILLIAM PETER CONNICK (APPELLEE)     MATTHEW D. MOGHIS (APPELLEE)          ERNEST P. GIEGER, JR. (APPELLEE)
WILLIAM A. BAROUSSE (APPELLEE)       JONATHAN S. ORD (APPELLEE)            MICHAEL C. MIMS (APPELLEE)
DAVID R. TAGGART (APPELLEE)

## MAILED

KELSEY L. ZEITZER (ATTORNEY)         JOHN B. STANTON (ATTORNEY)            DEAN J. FAVRET (ATTORNEY)
1100 POYDRAS STREET                  1100 POYDRAS STREET                   ANTHONY J. RUSSO (ATTORNEY)
SUITE 1700                           SUITE 2700                            ANGELA C. IMBORNONE (ATTORNEY)
NEW ORLEANS, LA 70163                NEW ORLEANS, LA 70163                 SETH H. SCHAUMBURG (ATTORNEY)
                                                                          LAUREN A. FAVRET (ATTORNEY)
HONORABLE MAX N. TOBIAS, JR.         DOUGLAS S. HAMMEL (ATTORNEY)          1515 POYDRAS ST.
(ATTORNEY)                           3129 BORE STREET                      SUITE 1400
WARREN S. MIKE NEWTON (ATTORNEY)     METAIRIE, LA 70001                    NEW ORLEANS, LA 70112
FRANCES L. RADCLIFF (ATTORNEY)
1515 POYDRAS STREET
SUITE 1400                                                                JACKSON M. SMITH (ATTORNEY)
NEW ORLEANS, LA 70112                                                     J. MICHAEL DIGIGLIA (ATTORNEY)
                                                                          701 POYDRAS STREET
                                                                          SUITE 4800
                                                                          NEW ORLEANS, LA 70139