MADELINE JASMINE, Judge Pro Tempore.
1 ¡¿Plaintiffs, Thelma and Richard Berry, appeal the trial court’s grant of defendant The Parish of Jefferson’s Exception of Prematurity. Finding merit to the plaintiffs’ position on one issue, for the following reasons, we affirm in part, reverse in part, and remand.
In their petition, plaintiffs allege that they are the owners of a parcel of land in Jefferson Parish located on Behrman Highway that was zoned “MUCD” or multi use commercial district. Plaintiffs further alleged that they entered into a sales agreement with Volunteers of America (VOA) in October 2006 for the latter to purchase the property, which sale was to take place on or before February 15, 2007. According to the petition, VOA and its assignee, Forest Towers II, intended to construct on that parcel of land multifamily residences targeted for the elderly. Plaintiffs assert that the zoning in place at the time of the sales agreement was consistent with and allowed for the intended elderly housing development.
Plaintiffs alleged in paragraph 13 of the petition that upon learning of the sales agreement, representatives of the defendant, Parish of Jefferson (specifically, |aa certain Jefferson Parish councilman), with the express intention of blocking the elderly housing development, called for the implementation of a zoning study, under the authority of Section 40-880 of the Jefferson Parish Code of Ordinances, to re-classify the plaintiffs’ property as “single family residential.” Such study would have the effect of prohibiting the issuance of any building permits in connection with this property for a period of twelve months (the “moratorium”). Plaintiffs argued that this study rendered the sale impossible, and furthermore was initiated in bad faith and solely for the purpose of re-zoning the property with the object of denying the contemplated development. Plaintiffs argued three grounds why the study request and accompanying moratorium was arbi *301 trary and capricious and in violation of plaintiffs’ vested rights as a property owner.
Plaintiffs’ prayer for relief called for a preliminary injunction restraining the enforcement of the moratorium against construction of the development, an injunction restraining the re-zoning of this property, and an injunction requiring the issuance of a building permit for construction of the development.
The Parish of Jefferson filed Exceptions of Improper Cumulation of Actions, Unauthorized Use of Summary Proceedings, No Cause of Action for Writ of Mandamus and Injunctive Relief and Damages, and Prematurity. Following a hearing on the Exceptions, the trial court granted the Exception of Prematurity, finding that plaintiffs’ suit was premature on the basis that the parish had not yet rezoned the property, and that plaintiffs had not yet applied for a (building) permit.[1] In light of the above ruling, the trial court found the other Exceptions to be moot. This timely appeal followed.
The dilatory exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe |4for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued. Williamson v. Hospital Service Dist. No. 1 of Jefferson, 04-0451, p. 4 (La.12/1/04), 888 So.2d 782, 785. The Exception of Prematurity neither challenges nor attempts to defeat the elements of the plaintiffs cause of action; instead, the defendant asserts the plaintiff has failed to take some preliminary steps necessary to make the controversy ripe for judicial involvement. LaCoste v. Pendleton Methodist Hosp. L.L.C., 07-0008 (La.9/5/07), 966 So.2d 519. The burden of proving prematurity is on the exceptor. Id.
As noted above, plaintiffs sought relief in three different ways. The plaintiffs argued in them petition that the initiation of the zoning study at the request of a Jefferson Parish Council member, and resulting moratorium, was arbitrary and capricious and had the effect of making the sale of their parcel of land to VOA impossible, upon which they sustained damages. This portion of the plaintiffs’ suit was not premature, as the moratorium had already been initiated, and furthermore was alleged to have been initiated in bad faith in derogation of plaintiffs’ rights as property owners. The trial court erred, therefore, in dismissing the plaintiffs’ suit against Jefferson Parish. The trial court was correct, however, in finding that plaintiffs’ suit was premature on the two grounds it addressed in its oral reasons for ruling.
Accordingly, the judgment of August 20, 2007, dismissing the plaintiffs’ suit against the Parish of Jefferson as premature, is affirmed in part, reversed in part, and the matter remanded for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

ROTHSCHILD, J., concurs with reasons.

. Hearing transcript. Record at page 270.