STOP THE DESTRUCTION OF      *      NO. 2023-CA-0323
ST. BERNARD, INC., ET AL.

     *

VERSUS      COURT OF APPEAL

     *

BOARD OF COMMISSIONERS      FOURTH CIRCUIT
FOR THE PORT OF NEW      *
ORLEANS AND ST. BERNARD      STATE OF LOUISIANA
PORT, HARBOR, AND      * * * * * * *
TERMINAL DISTRICT

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-1612, DIVISION "AD HOC"
Honorable Robert H Morrison,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins,
Judge Rachael D. Johnson)

**JENKINS, J., CONCURS WITH REASONS**

Sidney D. Torres, III
Erica N. Beck
LAW OFFICES OF SIDNEY D. TORRES, III, APLC
8301 West Judge Perez Drive
Torres Park Plaza, Suite 303
Chalmette, LA 70043

Leonard L. Levenson
Christian W. Helmke
Colleen Boyle Gannon
Donna R. Barrios
LEONARD L. LEVENSON & ASSOCIATES
650 Poydras Street
Suite 2750
New Orleans, LA 70130

L. Blake Jones
Joshua L. Rubenstein
BLAKE JONES LAW FIRM, LLC
701 Poydras Street
Suite 4100
New Orleans, LA 70139

Jacques F. Bezou

THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA  70433

Edward F. Kohnke, IV
LAW OFFICE OF RICHARD V. KOHNKE
2917 Magazine Street
Suite 201
New Orleans, LA 70015

      COUNSEL FOR APPELLANTS

Paul A. Tabary, III
Elizabeth R. Borne
TABARY AND BORNE, LLC
Three Courthouse Square
Chalmette, LA 70043

James M. Williams
Daniel Edwin Buras, Jr.
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

L. Etienne Balart
Michael C. Drew
Lauren C. Mastio
Taylor K. Wimberly
JONES WALKER, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, LA 70170-5100

      COUNSEL FOR APPELLEE, BOARD OF COMMISSIONERS of the
      PORT OF New Orleans

James M. Garner
Ashley Gremillion Coker
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street
28th Floor
New Orleans, LA 70112

      COUNSEL for APPELLEE, ST. BERNARD PORT, HARBOR &
      TERMINAL DSTRICT

**AFFIRMED**
**October 26, 2023**

This appeal derives from the trial court's grant of an exception of prematurity in favor of the Board of Commissioners for the Port of New Orleans ("Port NOLA") and the St. Bernard Port, Harbor, and Terminal District ("St. Bernard Port"). Appellants, Stop the Destruction of St. Bernard, Inc., Los Islenos Heritage and Cultural Society of St. Bernard, Violet Cultural & Historical Association, A.J. Hunt, L.L.C., Charlie's Restaurant & Catering, L.L.C., The Parish Diner, L.L.C., Mario L. Williams, and Janet Perez, filed a petition to enjoin the construction of an international shipping container project ("LIT") proposed by the Port of New Orleans and the St. Bernard Port. Appellants alleged that the proposed LIT project constituted a nuisance and would cause irreparable harm to the citizens of St. Bernard Parish. Port NOLA and St. Bernard Port[1] (collectively, "Port NOLA") filed exceptions of lack of subject matter jurisdiction, no cause of action, no right of action, peremption, and prematurity. Port NOLA argued that Appellants' action was premature as no construction had begun on the LIT project

_____

[1] St. Bernard Port joined in the exceptions put forth by Port NOLA at the trial level and adopts Port NOLA's Appellee brief on appeal.

1

and that the state and federal permit process had not taken place. The trial court sustained Port NOLA's exception of prematurity as to Appellants' claims for nuisance and injunctive relief, dismissing those claims without prejudice.[2]

The record supports that no construction has begun on the proposed LIT project and the requisite permits have not been issued for its operation. We therefore find the trial court did not abuse its discretion in granting Port NOLA's exception of prematurity and dismissing Appellants' petition without prejudice. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

The St. Bernard Port and the Port of New Orleans reached an agreement for the Port of New Orleans to develop the LIT project at the St. Bernard Port's Violet Dock Port, LLC ("VDP") site.[3] In response, Appellants filed the underlying lawsuit, asserting that St. Bernard Parish's infrastructure could not support the LIT project and that the project would destroy the quality of life, health, safety, property values, economic interests, and livelihoods of virtually all residents of St. Bernard Parish, and have a catastrophic impact on the environment. Appellants alleged nuisance violations under La. C.C. art. 667 and sought permanent injunctive relief, declaratory judgment, and damages.

---

[2] The remaining exceptions from Port NOLA regarding the nuisance allegations and the request for injunctive relief were deemed moot.

[3] Appellants' brief provides an extensive account of their version of the facts regarding St. Bernard Port's acquisition of its VDP site, the background of the agreement between the St. Bernard Port and Port NOLA. However, Appellants' proposed facts are not relevant to this Court's determination as to whether the trial court erred in granting Port NOLA's exception of maturity, and thus, will not be considered on review.

Port NOLA filed exceptions of lack of subject matter jurisdiction, no cause of action, no right of action, peremption, and/or alternatively, an exception of prematurity in response to Appellants' lawsuit. All of Port NOLA's exceptions emanated from its position that Appellants' lawsuit was premature because the LIT project was only a proposal, emphasizing that the statutory permitting process of various state and federal agencies, along with other administrative remedies pertaining to its approval, had not yet been exhausted.

At the hearing on the exceptions, the trial court considered only the exception of prematurity. The trial court found that all the nuisance and taking claims were premature and sustained the exception of prematurity. The trial court iterated that the dismissal of the claims was without prejudice, explaining that "if they are developed in the course of the proceedings which are necessarily to take place before different agencies, they can be brought again."[4]

This appeal followed.[5]

---

[4] The trial court's judgment provided the following:

> **IT IS ORDERED, ADJUDGED, AND DECREED**, that the exceptions of prematurity be and they are hereby sustained, **as** to Sub-paragraphs a., b., c., d., and e. and h. of the claims for relief in Plaintiffs' First Amending Supplemental and Restated Petition, such that these claims are hereby dismissed, **without prejudice**. (The nuisance and injunctive claims).
>
> **IT IS FURTHER ORDERED**, that the remaining exceptions as to those claims are mooted [at this] time, pending the filing of an amended petition.

[5] Appellants initially sought supervisory writ review of the judgment. This Court granted the writ for the limited purpose of remanding the matter to the trial court to consider Appellants' notice of intent as a motion for appeal. *See Stop the Destruction of St. Bernard Inc., et al., v. Board of Commissioners for the Port of New Orleans and St. Bernard Port, Harbor & Terminal District*, 2023-C-0213 (La. App. 4 Cir. 4/5/2023). On remand, the trial court signed an order granting Appellants' motion for devolutive appeal.

In conjunction with this Court's order to treat Appellants' notice of intent as a motion for appeal, we note that the Port NOLA questions this Court's subject matter jurisdiction in its Appellee's

## ASSIGNMENTS OF ERROR

Appellants argue that the trial court erred in granting the exception of prematurity in the following respects: (i) applying the exhaustion of remedies doctrine in its determination that the LIT project must first undergo a permitting and review process by a number of administrative agencies; and (ii) failing to identify the administrative remedy or remedies which must be exhausted for Appellants to obtain the relief requested under Louisiana state law for nuisance, permanent injunctive relief, and damages.

## EXCEPTION OF PREMATURITY/STANDARD OF REVIEW

The dilatory exception of prematurity challenges whether the cause of action has matured to the extent that it is ripe for judicial determination. *See Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, 2011-1122, p. 3 (La. App. 4 Cir. 1/25/21), 81 So.3d 1001, 1004. The exception does not challenge or attempt to defeat the substantive merits of the plaintiff's underlying cause of action; instead, the exception is a procedural mechanism whereby the defendant contends that the plaintiff has not taken the preliminary steps required to make the controversy ripe for judicial review. *See LaCoste v. Pendleton Methodist Hosp. L.L.C.*, 2007-008, p. 6 (La. 9/5/07), 966 So.2d 519, 523. An action is deemed premature if it is

---

brief. Port NOLA maintains that the judgment herein was a not final judgment and was not designated a partial final judgment in accordance with La. C.C.P. art. 1915(B)(1). Notwithstanding, La. C.C.P. art. 3216(B) provides, in part, that "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction." Given that the trial court's judgment dismissed Appellants' request for a permanent injunction, the trial court's judgment is appealable; and accordingly, this Court has jurisdiction to review Appellants' appeal.

4

brought before the right to enforce it accrues. La. C.C.P. art. 423.[6] *See also Alexander v. Louisiana State Board of Private Investigator Examiners*, 2019-0778, p. 11 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1252. "Prematurity is determined by the facts existing at the time suit is filed." *Servier v. U.S. Fidelity & Guar. Co.*, 497 So.2d 1380, 1382 (La. 1986).

Appellate courts review a judgment sustaining a dilatory exception of prematurity for manifest error, except in those matters when resolution of the exception involves a question of law, in which case the appellate court undertakes a *de novo* review. *Alexander*, 2019-0778, p. 12, 293 So.3d at 1252. The exceptor has the burden of proving prematurity. *LaCoste*, 2007-0008, p. 6, 966 So.2d at 523.

## DISCUSSION

Appellants argue that the trial court's decision to grant the exception of prematurity was based on the erroneous premise that the trial court lacked subject matter jurisdiction because Appellants had failed to exhaust statutorily required administrative remedies. Appellants contend that the requirement to exhaust all administrative remedies for a claim to be actionable applies only in those matters when an agency has exclusive jurisdiction. They argue that the requirement does not apply in matters, such as the case *sub judice*, where plaintiffs seek injunctive relief under La. C.C. art. 667,[7] a statutory code provision, rather than

---

[6] La. C.C.P. art. 423 states, in part, that "[w]hen an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be bought again after this right has accrued."

[7] La. C.C. art. 667 provides, in relevant part, the following:

5

administrative statutes.  Appellants rely, in part, on *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 415 So.2d 515, 519 (La. App. 1 Cir. 1982).

In *McCastle*, the plaintiffs sought injunctive relief pursuant to La. C.C. art. 667 against the defendant for nauseous odors emitted from the defendant's landfill. On appeal, the defendant argued that the trial court lacked authority to grant injunctive relief because the provisions of the Louisiana Environmental Affairs Act ("Environmental Affairs Act") vested the Environmental Control Commission ("ECC") with exclusive jurisdiction in the areas of air quality, water quality, solid waste, nuclear waste and hazardous waste; and moreover, as the defendant was operating under the specific orders of the ECC, the plaintiffs could not bring their suit for injunctive relief. *Id.*, 415 So.2d at 517.  In rejecting the defendant's arguments, the First Circuit found that the plaintiffs were not required to first exhaust administrative remedies inasmuch as the Environmental Affairs Act did not prevent plaintiffs from filing suit and the plaintiffs' appeal was not from a decision of an administrative body. *Id.*, 415 So.2d at 519.

---

Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.  However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Here, Appellants maintain that the trial court "admitted" during the hearing that it had subject matter jurisdiction to hear Appellants' state law claims for nuisance, permanent injunctive relief, and damages when it declared that "I'm not contesting that I have subject matter jurisdiction. I don't think that's necessarily an issue. I just want to deal with the prematurity issue first." Similar to the *McCastle* plaintiffs, Appellants suggest that no statutory authority exists to require Appellants to first exhaust administrative remedies before they can enjoin the LIT project where their claims for relief are based on state law rather than administrative law. Therefore, in applying *McCastle's* tenets, Appellants aver that the trial court's "admission" of subject matter jurisdiction over Appellants' La. C.C. art. 667 nuisance/injunctive relief claim meant the trial court committed legal error in granting the prematurity exception on the basis that Appellants had not exhausted administrative remedies. However, our review concludes this argument lacks merit.

At the outset, we discount Appellants' contention that this Court must conduct a *de novo* review because the trial court erroneously granted the exception premised on a lack of subject matter jurisdiction. The record directly contradicts this contention. We note that although Port NOLA raised an exception of lack of subject matter jurisdiction as one of its numerous exceptions, the trial court, as referenced herein by Appellants, did not consider the subject matter jurisdiction exception in deciding the prematurity exception. At the hearing, the trial court specifically stated it would "first" consider Port NOLA's exception of prematurity.

7

Upon considering and sustaining the prematurity exception, the trial court did not review the remaining exceptions, including the exception of lack of subject matter jurisdiction. Accordingly, as the trial court did not expressly rule on the exception of lack of subject matter jurisdiction, this Court shall employ the manifest error standard in our review of the judgment.

At the hearing on the exception, the uncontested facts presented to the trial court were that no construction work had begun on the LIT project and that the project had not undergone the permitting process to receive authorization to begin construction. Port NOLA emphasized that the permitting process required oversight by various state and federal agencies. Upon questioning by the trial court, Appellants acknowledged that the LIT project could not circumvent the permitting process.[8] Nevertheless, Appellants asserted that the mandatory permit

---

[8] The following exchange took place between the trial court and counsel for Appellants:

THE COURT:

Mr. Levenson, let me ask you just a couple of questions here. I know your part has been present here in an evidentiary standpoint as far as the notice that has been introduced this morning. Do you contest the fact that there is a mandatory review process by such agencies including DEQ, DNR, DOTD, Wildlife and Fisheries. Do you contest that there would not need to be that type of determination prior to the issuing of a construction permit.

MR. LEVENSON:

I believe that they have to go through permitting process. They can't circumvent the permitting process.

THE COURT:

That's really not a factual issue that they would have to go through the permitting process.

MR. LEVENSON:

That's correct.

process does not prevent Appellants from proceeding with its nuisance action and seeking injunctive relief pursuant to La. C.C. art. 667. In addition to *McCastle*, Appellants have relied primarily on *Salter v. B.W.S., Corp., Inc.*, 290 So.2d 821 (La. 1974) in support of their position.

In *Salter*, the defendant, B.W.S., an industrial waste disposal company, was granted a permit from the Louisiana Department of Health to carry on its proposed disposal operations at a site near DeQuincy, Louisiana. 290 So.2d at 823. After the defendant began to truck barrels of chemical wastes onto the site, the Calcasieu Parish district attorney, a police jury and the mayor of DeQuincy obtained a temporary restraining order. *Id.* Two neighbors intervened in the lawsuit, seeking an injunction because of the alleged imminent danger of the pollution of their wells and pond by lethal substances placed on the defendant's landfill site. *Id.* In considering whether injunctive relief was appropriate, the Court opined that "[n]o one may prevent the establishment of a lawful business because of [f]ear that it will cause damage to neighboring estates." *Id.*, 290 So.2d at 825. The Court noted that suit had been filed at the beginning of the defendant's operation before the disposition of any waste material. *Id.* Nonetheless, based on the circumstances, the Court found that the intervenors had a right of action to seek injunctive relief under La. C.C. art. 667. *Id.* The Court determined that the consequences of failure to exercise great care to prevent the escape of poisonous material were so serious that it directed the issuance of a qualified injunction. *Id.* The qualified injunction enjoined the defendant to conduct its operations to comply

with the standards recommended by its experts to prohibit the escape of noxious substances on the property of its neighbors. *Id.* In alignment with *Salter,* Appellants also argue that their complaint is not premature. They contend that their claim is ripe to obtain injunctive relief under La. C.C. art. 667 against Port NOLA for the alleged anticipatory nuisance that will result from the construction of the LIT project. We disagree.

The facts of *Salter* are clearly distinguishable from the instant matter as to prematurity in one important aspect. In *Salter*, the defendant had obtained a permit to begin operations; and moreover, had taken steps to truck barrels of chemical waste onto the site. *Id.*, 290 at 823. Likewise, in *McCastle*, 415 So.2d at 517, the plaintiff's action was not premature as the defendant had obtained authority to operate its landfarm business from the ECC at the time that the plaintiffs sought to enjoin the defendant's release of noxious fumes in the atmosphere. Here, in contrast, Port NOLA has not received permits and has not begun construction on the LIT project. The parties do not know when or if the requisite permits will issue. In the event the various agencies permit the LIT project, the final configuration of the project is also presently unknown. Accordingly, the uncertainty as to whether the administrative process will address any, some, or all of Appellants' concerns means the present scope of any judicial controversy is undetermined, and hence, not ripe for judicial review.

The trial court addressed the above issues in its written reasons for judgment as follows:

This action was filed by various plaintiffs over the proposed Louisiana International Terminal ("LIT) proposed for construction and operation in St. Bernard Parish. This facility, if constructed and implemented, would certainly impact the parish. Plaintiffs contend that this impact would be negative, and make various claims, including that the LIT would constitute a nuisance, would impact parish infrastructure, environmental quality of life, property values, etc., and seek to have the project halted, through injunctive relief and other claims.

At the present time, certain property has been assembled for this purpose, but it is undisputed that no actual construction or operation has commenced, and that the project is to first undergo a permitting and review process. This process would include examination, review, including public input, by a number of agencies, including the Department of Environmental Quality, Department of Natural Resources, Department of Transportation and Development, Corps of Engineers, etc., before any permits would be granted or any construction or operations could commence.

This review process has not yet commenced as of the time of this hearing. Defendants have therefore filed exceptions, including that of prematurity. Before this Court could accurately determine the merits of plaintiffs' claims, extensive information would have to be compiled and presented, including the evaluations of administrative experts. Further, if Plaintiffs can establish their contentions before the administrative bodies, it is possible that the LIT project would never be permitted or constructed, and this entire litigation would be rendered moot.

These issues have been extensively briefed by all parties, and reviewed by this Court. From this review, the Court felt it clear that as to these issues, Plaintiffs had failed to exhaust their administrative remedies, and until that was done, the Court could not be in a realistic position to rule on same.

Exceptors cited, among other authorities, the ruling from Daily Advertiser v. Trans-La, a Div. of Atmos Energy Corp., 612 So.2d [7, 28] (1993), which stated in part:

> . . . the need for factual development, importance of reflecting the agency's expertise or policy preferences in the final result, probability that the agency will satisfactorily resolve the controversy without judicial review, protection of agency processes from impairment by avoidable interruption, conservation of judicial energy the agency to correct its own errors.

This would seem to sum up the exact basis for this Court's present ruling.

11

Inherent in the trial court's finding that Appellants' nuisance action is premature because Appellants have not exhausted administrative remedies is the fact that Port NOLA also has not gone through the administrative process to receive the necessary permitting to construct the LIT project. As such, as argued by the Port NOLA, Appellants prematurely seek to enjoin consideration of a proposal or an idea. Louisiana jurisprudence is well-established that a cause of action is premature and not ripe for judicial review because of an unmet prerequisite condition. *See Williams v. Wood*, 2019-0894, p. 5 (La. App. 4 Cir. 3/25/20), 294 So.3d 581, 585. In this case, the unmet prerequisite condition is that the proposed LIT project has not yet come into existence.

The facts herein are analogous to *Berry v. Volunteers of America, Inc.*, 2008-184, pp. 3-4 (La. App. 5 Cir. 9/16/08), 996 So.2d 299, where landowners brought an action against Jefferson Parish (the "Parish) alleging that the Parish's implementation of a zoning study and the resulting moratorium on the issuance of building permits was arbitrary and capricious and sought injunctions to restrain the re-zoning of their property and to prohibit the requirement of a building permit for construction on their property. The trial court granted the Parish's exceptions of prematurity. *Id.*, 2008-184, p. 3, 296 So.2d at 301. On appeal, the Fifth Circuit determined that the trial court erred in finding that portion of the landowners' lawsuit alleging that the zoning study and resulting moratorium was arbitrary and capricious and had the effect of making the planned sale of their property impossible was premature, noting that the moratorium had already been initiated. *Id.*, 2008-184, p. 4, 996 So.2d at 301. However, the appellate court affirmed the trial court's grant of the Parish's exception of prematurity regarding that portion of

the landowners' suit which sought injunctive relief to restrain the re-zoning of their property and requiring the issuance of a building permit for construction of a development on their property. *Id.* In its affirmation, *Berry* cited the trial court's findings that the Parish had not yet re-zoned the property and that plaintiffs had not yet applied for the building permit. *Id.*

Similarly, in the instant case, the trial court found that Appellants' other requests in their petition that did not request injunctive relief—an order to declare the dation of the VDP property to Port NOLA as contrary to law and an order that the development of the LIT facility is prohibited by Louisiana law and the state and federal constitutions—were not premature. Therefore, Appellants may proceed with litigation of those claims. However, as in *Berry*, Appellants' request for injunctive relief to prohibit nuisances that could result from the LIT project is premature as the project has not received any authorized permits to begin construction or operation.

Appellants also allege error premised on their representation that the trial court was unclear in identifying the specific administrative remedies they were required to exhaust. However, this argument is not persuasive. The trial court's reasons for judgment clearly provide that Appellants must exhaust all necessary administrative remedies until the LIT project receives authority from the necessary administrative agencies to begin operation and the parameters of its operation are defined.

This Court recognizes the seriousness of the adverse consequences that Appellants allege could result to St. Bernard Parish residents in the event that the LIT project is permitted to go forward and the Appellants' urgency to take proactive measures to prevent those consequences. However, as established case

law provides, the prematurity exception does not defeat the underlying elements of a plaintiff's cause of action. *See LaCoste v. Pendleton Methodist Hosp. L.L.C.*, 2007-008, p. 6, 966 So.2d at 523. By its very nature, an exception of prematurity is a dilatory exception which "merely retards the progress of the action" but does not "tend[] to defeat the action." *See* La. C.C.P. art. 923. Hence, the trial court's grant of Port NOLA's prematurity exception is not a ruling on the merits of Appellants' claim that the catastrophic consequences of the LIT project demand injunctive relief to protect St. Bernard Parish residents. Indeed, the trial court's dismissal without prejudice preserves Appellants' right to re-urge their complaint in the event Port NOLA receives the requisite permits to make the LIT project operational and Appellants allege damages as a result.

## DECREE

Upon review, the trial court properly granted Port NOLA's exception of prematurity and dismissed Appellants' nuisance and injunctive relief claims without prejudice. Based on the foregoing reasons, we find no manifest error on the part of the trial court. Accordingly, the judgment is affirmed.

**AFFIRMED**

14